## WEST & COMPANY *v.* BERRY.

1. Where an application for a *mandamus*, involving disputed questions both of law and fact, was, by consent of parties, on its final trial before the judge without the intervention of a jury, it is not cause for reversal that he considered as evidence the answer of the respondent, though not sworn to, the bill of exceptions reciting that the evidence for the defendant was "the answer filed by the defendant, a copy of which is in the record and is referred to."

2. The mayor of a town, the charter of which forbids that he shall " be interested directly or indirectly in any contract, office or appointment in said town," cannot lawfully charge the municipality fees for services rendered by him as an attorney at law in cases before the courts to which the municipal corporation is a party; and it is, entirely immaterial whether the services are rendered under an express, or an implied, contract to pay for the same.

May 11, 1896.   Argued at the last term.

Application for *mandamus*.    Before Judge Kimsey. Habersham superior court.    March term, 1895.

*J. C. Edwards*, for plaintiffs.
*C. H. Sutton*, for defendant.

Simmons, Chief Justice.

1. West & Co. applied for a *mandamus* against the treasurer of the town of Clarksville, to compel him to pay an order of the town council for a certain sum of money which the treasurer refused to pay.    The case was, by consent of the parties, heard and determined by the judge without the intervention of a jury, upon the petition of West & Co. and the answer of the treasurer.    The court refused a *mandamus*, and the plaintiffs excepted.    It was argued, that the answer of the treasurer not being sworn to, it could not be considered as evidence, and there being no other evidence introduced on the part of the treasurer, there was nothing on which to predicate the judgment refusing a *mandamus*.    The bill of exceptions recites that "the evidence for the defendant was as follows, to wit: the answer filed by the defendant, a copy of which is in the record and is referred to."    The parties having agreed that the judge should hear and determine the case without a jury, and that the answer of the defendant might be used as evidence although not sworn to, it was too late, after the case came to this court, to object that the answer was not sworn to.    That objection should have been made before the trial judge.

2. The petition for *mandamus* showed that the town council of Clarksville issued an order in favor of J. C. Edwards, which order was transferred to the plaintiff, and that the town treasurer had refused to pay the order. The answer of the treasurer set up that J. C. Edwards was mayor of the town and an attorney at law, and that the order was issued to him in payment for services rendered the town as an attorney at law during the time he was mayor; that under section 24 of the charter of the town the compensation or salary of the mayor is fixed at $100 per annum, and he received this salary while acting as mayor; that under section 12 of the charter of the town, "neither the mayor nor any member of council shall be . . . interested directly or indirectly in any contract, office or appointment in said town;" and that by this section he was prohibited from making any contract with the council of the town whereby he was to receive any fee or compensation for any legal services he might render the town during the time he was mayor, and the council could not legally issue him an order in payment of such services, even though no distinct contract existed between them at the time the services were rendered. Under this section of the charter (Acts 1890-91, vol. 2, p. 486), we think the court was right in refusing the *mandamus.* Under the charter the mayor cannot lawfully charge the municipality fees for services rendered by him as an attorney during his term of office as mayor; and it is entirely immaterial whether the services are rendered under an express or implied contract to pay for the same. See also on this subject, *Dorsett v. Garrard*, 85 *Ga.* 740. The town council therefore could not legally issue an order to pay the mayor for such services. *Judgment affirmed.*