THEODORE MACY v. CITY OF DULUTH.[1]

June 8, 1897.

Nos. 10,534—(159).

**Municipal Corporation—Contract—Validity.**

> Sp. Laws 1887, c. 2, subc. 3, § 13, (the charter of Duluth) provides that
> "no alderman or other officer or employe shall be a party to, or inter-
> ested in, any job or contract with the city," that any such contract
> shall be null and void, and any money paid thereon may be recovered
> back. *Held,* under this section, a city employe, a poundmaster, cannot
> recover from the city on an implied contract for use and occupation
> of premises furnished by him to the city for use as a public pound.

Appeal by defendant from an order of the municipal court of
Duluth, Edson, J., denying its motion for a new trial, and from the
judgment entered for plaintiff. Reversed.

*Ellsworth Benham, J. D. Holmes, J. B. Richards,* and *John Rust-
gard,* for appellant.

*Edson & Hanks,* for respondent.

CANTY, J.   During all the time between May 15, 1888, and May 15,
1896, plaintiff was one of the poundmasters of the city of Duluth. He
leased from the owner two small strips or pieces of land on opposite
sides of a public alley, at a monthly rental of $5, and he and some
of the other city employes inclosed these two strips, together with
the alley between them, and built thereon sheds and a building for
storing feed. The city furnished the lumber for making the improve-
ments on the inclosure, and the same, with the buildings thereon, was
used for a public pound, and for storing wagons, sleighs, and other
property for private parties. During all of said time plaintiff kept
this pound, turned over to the city treasurer the moneys received for
impounding animals therein, and received from the city a salary of $60
per month. No express agreement was made between him and the
city to pay him compensation for the use of this pound, and he pre-
sented no bill for any such compensation until after he ceased to be
poundmaster. Then he brought this action to recover the reasonable
value of the use and occupation, on an implied agreement to pay

1 Reported in 71 N. W. 687.

for the same. The court below awarded him $5 per month for the whole time, although it found as follows:

"That the use of said premises, including said alley, as so occupied, was of the value of five dollars per month, and the use of the said alley was of the value of two dollars per month."

Defendant appeals from the judgment.

We are of the opinion that the action cannot be maintained. Sp. Laws 1887, c. 2, subc. 3, § 13, the charter of Duluth, provides:

"No alderman, or other officer or employe shall be a party to, or interested in, any job or contract with the city, and any contract in which any alderman or other officer or employe shall be so interested shall be null and void, and in case any money shall have been paid on any such contract the amount so paid may be recovered by a joint or several action from the parties to such contract and the alderman or other officer or employe interested in the same."

In our opinion this section means what it says, and, if the city had by an express contract rented these premises of plaintiff, he could not recover. If he could not recover on an express contract, he cannot recover on an implied contract. In other words, if an express promise to pay would be null and void, the law will not raise an implied promise. It is true that a city ordinance provides that "the council shall provide, by lease or otherwise, suitable pounds." But this does not mean that the city shall provide them by leasing them from its own officers or employes, and, if it did, such provision would be void under the city charter.

Respondent presents a statement from the judge who tried the case in the court below, in which he certifies that this section of the charter was never cited, and this point was never raised, in his court. Neither the settled case nor findings of the court can be amended by any such ex parte statement. Besides, the city charter is a public act, of which this court must take judicial notice, whether it was cited to the court below or not. We are also of the opinion that the assignments of error are sufficient to raise the question here discussed.

The judgment appealed from is reversed, and a new trial granted.