## HARDY *v.* MAYOR AND COUNCIL OF GAINESVILLE.

1. A contract entered into between a private corporation and the City of Gainesville, under which the former is to perform certain work for which payment is to be made out of the city treasury, is void if at the time of its execution one of the members of the city council was also a stockholder in such private corporation.
2. Such a contract does not become valid and legal when, subsequently, the interested member of council sells the stock which he owned at the time of the execution of the contract.

Argued October 29, — Decided November 12, 1904.

Petition for injunction. Before Judge Kimsey. Hall superior court. September 15, 1904.

*Parks & Gaillard,* for plaintiff.

*H. H. Dean* and *W. S. Pickrell,* for defendant.

SIMMONS, C. J. In January, 1904, the Mayor and Council of the City of Gainesville awarded to a publishing company, a private corporation, the contract for the printing for the city for the year 1904. At the time this was done, one of the members of the city council owned some stock in the publishing company. This stock he disposed of and had transferred to another in May of the same year. Subsequently a citizen and taxpayer brought an equitable petition to restrain the municipal authorities from giving any work to. the publishing company under the contract above mentioned, the petitioner claiming that the contract was void. On the interlocutory hearing the judge refused the injunction prayed, and the petitioner excepted.

We think that the contract entered into between the city and the publishing company was void. It was contrary to public policy as declared in the code, and in the charter of the City of Gainesville. While, generally, "a contract otherwise fair is not rendered void by the fact that the contracting parties consist of corporations having the same persons or officers in each" (Civil Code, § 1857), the rule is different where the contract is for the performance of work for which payment is to be made out of the city treasury and where one of the city's officers is interested in the contract. 'Not only does our Political Code (§ 751) make it illegal for a member of a city council to vote upon any question, brought before the council, in which he is personally interested, but it provides (§ 709): "No person holding office under any municipal incorporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury, nor shall any such person be capable of holding or having any interest in such contract, either by himself or by another, directly or indirectly." This last section is substantially incorporated in the provisions of the charter of the City of Gainesville. Acts 1877, p. 169. A stockholder in a private corporation clearly has an interest in its contracts; and if the city can

not make the contract with the officer himself, it can not make it with a corporation in which such officer is a stockholder.　Such contracts as come within the provisions of section 709, that is, those which are for the performance of work for which payment is to be made out of the city treasury, are by it forbidden and made contrary to public policy.　Such contracts are, therefore, void.　Hence we think that the contract involved in the present case was illegal and void.

The contract having been illegal and void at the time of its execution, it could not become legalized by the subsequent transfer of the stock of the publishing company.　If the officer of the city then ceased to have any interest in the publishing company's business and contracts, we see no reason why such company and the city could not have entered into a new contract; but we are clear that they could not properly treat the old illegal contract as having become valid by reason of the transfer of the stock.　The city appears to be awarding its work to the company under the illegal contract of January, 1904, and the judge should have enjoined it from so doing.

*Judgment reversed.　All the Justices concur.*