## 12051.  MAYOR & COUNCIL OF HOGANSVILLE v. PLANTERS BANK.

STEPHENS, J.  1. A municipality can not be held liable upon an implied contract for the value of any benefits received by it under a contract made with one of its officials, where the municipality is expressly forbidden to make such a contract.  Such a contract, being void, can not be ratified by an acceptance or use by the municipality of the benefits furnished thereunder. *Hardy* v. *Gainesville,* 121 *Ga.* 327 (48 S. E. 921); *Horkan* v. *Moultrie,* 136 *Ga.* 561 (71 S. E. 785); *Neal* v. *Decatur,* 142 *Ga.* 205 (82 S. E. 546); Dill. Mun. Cor. § 797 et seq; *Berka v. Woodward,* 125 Cal. 119 (57 Pac. 777, 45 L. R. A. 420, 73 Am. St. R. 31); *McNay* v. *Lowell,* 41 Ind. App. 627 (84 N. E. 778); *Brazill v. McBride,* 69 Ind. 244; *Macy* v. *Duluth,* 68 Minn. 452 (71 N. W. 687).

2. In a suit against a municipality to recover for beneficial services such as electric lights, alleged to have been furnished to the municipality, where one of the defenses interposed by the defendant, and sustained by evidence, was that the mayor and one of the members of the municipal council were, during the period when such services were furnished to the municipality, stockholders and interested pecuniarily in the

corporation which furnished the services, and that therefore such services were furnished under a contract which was void under a provision of the charter of the municipality that "no person holding an office in this municipal corporation shall, during the term for which he was elected or appointed, be capable of contracting with said corporation . . for the performance of any work which is to be paid out of the treasury of said town," it was error for the court to charge that if the mayor and council of the municipality, knowing that such services were being furnished, accepted the same and made payments to the corporation furnishing such services, the municipality, notwithstanding that certain members of the council in the municipality during such period were stockholders in the corporation furnishing the services, would be liable to the plaintiff for the reasonable value of the services rendered.

3. The municipality, however, would be liable to the plaintiff for the reasonable value of the services rendered and applied by the municipality to its benefit in the exercise of a lawful corporate function, when accepted by it during the period when a contract with the municipality by the corporation furnishing the services could be legally entered into and not be invalid upon the ground that an officer in the municipality was pecuniarily interested therein, provided however, that such liability does not constitute such a debt against the municipality as is prohibited by the constitution.

4. It is unnecessary to pass upon the assignments of error not dealt with in the foregoing rulings.

5. The court therefore erred in overruling the defendant's motion for a new trial. *Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
DECIDED SEPTEMBER 27, 1921.

Complaint; from Troup superior court — Judge Humphries presiding. November 20, 1920.

*Hall & Jones,* for plaintiff in error. *Halton Lovejoy,* contra.