18081.   WATSON *v.* BRYANT.

STEPHENS, J.   1. Where the charter of a city governed by a commission (charter of the City of Rome, Ga. L. 1918, p. 813, sections 76-78) provides that "whenever said commission shall deem it proper to macadamize, pave or otherwise improve any of the streets, . . they shall have a survey made of the streets, . . and plans, specifications, and estimates of the cost of the improvements contemplated, they shall establish and fix a grade of the streets to be improved," and that "thereupon said commission, by and through the city manager, may then proceed to make the said improvements as hereinafter provided," and

Municipal Corporations, 28 Cyc. p. 993, n. 97; p. 1002, n. 99; p. 1224, n. 54.

where it is nowhere provided in the charter that the city manager has authority to determine what streets shall be paved, or the character and quality of the pavements, or to order or establish and fix the grade of any street to be paved, and where it is provided in the charter that the cost of such street pavement shall be assessed against the abutting property holders, it is essential to the validity of an assessment against an abutting property holder for the cost of paving the street in front of his property that the pavement of the street be ordered by ordinance or resolution of the commission, ordering the pavement laid and designating the specifications therefor, which should include specifications as to the character and quality of the material to be used in the pavement.

2. Where the commission, by resolution, provides that a designated portion of a street within the city "be paved at once, as under the charter of said city provided," without more specific reference to the character of the pavement ordered, and where by a subsequent resolution of the commission, reciting that "it is deemed proper by the . . commission to pave the street" designated, "that the city manager have made a survey of" the street referred to, and "prepare and to submit to the commission plans, specifications, and estimates of the cost of paving said street, that the city manager is hereby directed to locate the grades and widths of the said above-designated street, and report the same to the commission," and where it nowhere appears that, prior to the paving of the street, plans, specifications, or estimates for the cost of paving the street, made by the city manager or by any one else, were approved by the commission, or that any specifications as to the character of the material to be used in the pavement were approved by the commission, there appears to be no valid ordinance of the commission ordering a pavement thereon, containing the specifications therefor as required by the charter and which is a condition precedent to the liability of an abutting property holder to an assessment for the cost of the pavement of the street in front of his property.

3. Under the undisputed evidence, the judge of the superior court, in passing upon questions both of law and of fact, properly sustained the affidavit of illegality filed by a property holder in defense to an execution to recover the costs of street pavement assessed against him, where the ordinance of the commission was attacked as invalid, in that the character and quality of the materials to be used in paving the street were not determined by the ordinance.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Illegality of execution; from Floyd superior court—Judge Maddox.   March 19, 1927.

*Paul H. Doyal, Graham Wright,* for plaintiff.

*Porter & Mebane, Willingham, Wright & Covington,* for defendant.