COCHRAN *et al. v.* CITY OF THOMASVILLE *et al.*

Nos. 6437, 6449.  NOVEMBER 22, 1928.
REHEARING DENIED JANUARY 23, 1929.

*C. E. Hay,* for plaintiffs.
*P. C. Andrews* and *Titus & Dekle,* for defendants.

HILL, J.  C. W. Cochran and twenty-five other citizens and tax-

payers of the City of Thomasville brought a petition against the City of Thomasville and the Wesco Company, seeking to enjoin them from issuing, delivering, and transferring certain street-improvement bonds, which, if issued, would be liens on the property of the plaintiffs. In pursuance of the act of 1925 (Ga. L. 1925, p. 1480), the City of Thomasville adopted a resolution under which certain streets of the city were to be paved and bonds issued for the payment of the work, and assessments for the payment of the bonds were to be made against the abutting-property owners on the streets to be paved. Demurrers to the petition as amended were overruled, and exceptions were filed by the defendants. Answers were filed by the defendants; demurrers to the answer were overruled, and exceptions were filed by the plaintiffs. At the hearing the judge dissolved the temporary restraining order and refused an injunction; and this judgment was excepted to in the main bill of exceptions. The defendants filed a cross-bill of exceptions complaining of the overruling of the demurrer to the petition.

The record in this case is very voluminous, and it would be unprofitable to set out in detail all of the numerous pleadings and contentions of the plaintiffs and the defendants. Suffice it to say, the entire record and the briefs for both parties have been painstakingly and carefully considered, and only the controlling questions in the case are discussed and dealt with. We are of the opinion that the court below correctly overruled the demurrers to the petition and to the answer, and did not err, after hearing evidence, in denying the temporary injunction. One of the main questions for consideration is whether the court below should have overruled the demurrer to the petition seeking to enjoin the issuance and delivery of the bonds in question and to declare the contract void which was entered into between the City of Thomasville and the contractor in the paving project, for the reason that the act authorizing the issuance of the bonds was void and that the ordinance passed in pursuance thereof and the contract entered into in pursuance of the ordinance were void. The petition alleges, among other things, that the entire contract of February 18, 1927, between the City of Thomasville and the Wesco Company, is illegal and unenforceable, because of the following facts:

(a) The firm of Titus & Dekle is a partnership composed of Theo. Titus Sr. and Lebbeus Dekle, both of whom are attorneys

at law and engaged in the practice of their profession under the partnership name. (b) Theo. Titus Sr. is also a councilman of the City of Thomasville and has been such continuously since the beginning of his present term of office in January, 1927. He held such office at and prior to the time of the advertisement for proposals, and prior to the time the paving contract was entered into by and between the defendants, which has resulted in the proceedings indicated by exhibits attached to the petition. (c) The firm of Titus & Dekle, including councilman Titus, was employed by the Wesco Company to serve it as attorneys at law in all matters pertaining to that contract, in so far as such company then deemed that it needed or would need any local legal advice in the matter. Said attorneys were so employed by the Wesco Company before the paving contract was entered into on or about February 1, 1927, since which time these attorneys furnished all such legal advice and representation as said company has found needful or desirable in said city and in connection with the said paving enterprise. (d) Prior to making the contract of February 18, 1927, the said attorneys under and by virtue of their employment advised the Wesco Company with respect to the constitutionality of Thomasville's "baby-bond act" and the validity of the proceedings leading up to the contract. After the paving contract was entered into, said attorneys prepared and furnished such data and records as were desired and needed by the company in its negotiations with bond-buying concerns of New York City, and with the attorneys of such bond-buying concerns. This case is the first litigation growing out of said paving contract, and said attorneys are counsel for the Wesco Company in this litigation. (e) At the time said attorneys were so employed by the Wesco Company that company knew that it was employing as its attorney at law a member of said city council. (f) Since that time and throughout all the proceedings of said city council subsequent to such employment, including the making and entering into said paving contract by and between said city and said company and the agreements upon all the provisions thereof, the said councilman, Titus, has, with the full knowledge and consent of the said contractors, participated as such councilman as fully and completely as if he had not been one of the attorneys at law for said contractor. (g) Plaintiffs are without knowledge as to the exact amount of the fee paid or agreed to be

paid by the Wesco Company to its attorneys for said service, but the sum is well known to the defendant company and to its attorneys of record. (h) None of the foregoing facts respecting such dual agency were known to petitioners at the time the original petition in this case was filed, nor at any time prior thereto. (i) Petitioners now aver that because of the foregoing facts respecting such dual agency and because Titus, while under employment as attorney for said Wesco Company, participated as a councilman of said city in awarding said contract to said Wesco Company, and in fixing the terms and provisions of the contract, and also participated as such councilman in all the proceedings of said city council subsequently taken, pertaining to the said contract or to its performance, and also participated as such councilman in each of those proceedings indicated by the exhibits attached to the original petition, which themselves resulted from said contract,—for all of these reasons the paving contract of February 18, 1927, each and every proceeding of said city council pertaining to the alleged appraisals and assessments, and the said resolution of October 10, 1927, as appears by an exhibit annexed to the original petition, are illegal, null, void, and unenforceable.

For the purposes of considering the demurrer to the petition, the foregoing allegations must be taken as true; and taking them as true, we are of the opinion that the court, in passing upon these and other allegations of the petition, which it is unnecessary now to set out, did not err in overruling the demurrer. The Civil Code (1910), § 900, declares that it is improper and illegal for a member of a city council to vote upon any question brought before the council in which he is personally interested. And see *Daly* v. *Ga. So. R. Co.*, 80 *Ga.* 793 (7 S. E. 146); *Hardy* v. *Gainesville*, 121 *Ga.* 327 (48 S. E. 921); *Macon* v. *Huff*, 60 *Ga.* 221; *Dorsett* v. *Garrard*, 85 *Ga.* 734 (11 S. E. 768); *West* v. *Berry*, 98 *Ga.* 402 (25 S. E. 508); *Twiggs* v. *Wingfield*, 147 *Ga.* 790 (95 S. E. 711, L. R. A. 1918E. 757); *Montgomery* v. *Atlanta*, 162 *Ga.* 534 (134 S. E. 152); *Arthur* v. *Ga. Cotton Co.*, 22 *Ga. App.* 431 (96 S. E. 232); *Napier* v. *Adams*, 166 *Ga.* 403 (143 S. E. 566).

In the amendment to the petition it is alleged that the resolution of the mayor and council of Thomasville, of October 10, 1927, set out in the petition as exhibit G, is unconstitutional and void, for the following reasons: (a) It is provided by the general

law of this State (Civil Code of 1910, § 3431), that, "In the absence of an agreement to the contrary, interest does not run until default." (b) It is provided by the act approved August 18, 1925 (Ga. L. 1925, p. 1480), that where property becomes assessable thereunder, the owner may pay the same in cash or in installments at his option. If he elects to pay in installments, the total against any piece of abutting property shall be divided into ten equal parts, one of which parts shall become due and payable on the first day of each September following next thereafter until the last part is so due. Said act limits, but does not prescribe, the rate of interest, if any, to be borne by such deferred payments prior to maturity or default, leaving the rate of interest to be otherwise fixed by contract as in case of any other kind of contract. (c) Neither the paving contract in question, nor any proceeding of the city council prior to the date of the contract, made any provision for, or any reference to, any rate of interest, or to the fact of any interest, to be borne by such "street-improvement bonds" as might issue under the provisions of that act as a means of paying the contract price for the street improvements so contracted for. (d) The general law (Civil Code, § 3431) entered into and became one of the material terms of the paving contract, and, in the absence of an agreement to the contrary, interest does not run against any installment until default or at any time prior to maturity. (e) Notwithstanding the foregoing facts and the law applicable thereto, the resolution of October 10, 1927, passed subsequently to the making of the contract, seeks to vary the general law by making each of such installments bear interest from the date of the bond, at the rate of 6 per cent. per annum, payable annually, at the same time as the several installments of the principal become due and collectible. (f) To that extent the resolution is violative of art. 1, sec. 4, par. 1, of the constitution of this State (Civil Code, § 6391), which declares: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights shall be varied in any particular case by special legislation, except with the free consent, in writing, of all persons to be affected thereby." It is alleged that plaintiffs have not given consent to the passage or enforcement of the resolution of October 10, 1927. (g) In so far

as the resolution of October 10, 1927, undertakes to make bonds issued in pursuance of the paving contract of February 18, 1927, stipulate to bear interest from the date of the bonds, or at any time before the maturity of the principal, or stipulate that interest shall be payable annually, the resolution is violative of the provisions of the State and Federal constitutions embraced in the Civil Code, §§ 6389, 6652, in that the resolution is retroactive and impairs the obligation of the paving contract.

The ordinance of October 10, 1927, is also attacked as violative of the provisions of· the State constitution (Civil Code, § 6556), which declares that "All laws exempting property from taxation, other than the property herein enumerated, shall be void," for the reason alleged that the one per cent. per annum is so taxed if credit·for the obligation is accepted from one particular person, viz., the Wesco Company or the person making the street improvements, but ·is not so taxed against such owners as may meet and pay the same obligation by means of credit accepted from any other person. Section 6 of the act of August 18, 1925, is also attacked as being violative of that provision of the State constitution (Civil Code, § 6553), which declares that "All taxation shall be uniform upon the same class of subjects." It is alleged that section 6 of the act authorizes the levy or collection of the tax of one per cent. on deferred payments for which street improvements are permitted to issue, and, as it fails to provide any tax against the same class of persons who meet the same obligation by obtaining credit from some other person, it is unconstitutional and void. The ordinance of October 10, 1927, in so far as it undertakes to tax interest at the rate of six per cent. per annum for the bondholding creditor of petitioners as may accept that credit, and in so far as it seeks to tax one per cent. per annum additional for the use of the city without any like tax upon those who meet the same obligation, with credit otherwise obtained, is attacked as being violative of the due-process clauses of the State and Federal constitutions. Civil Code, § 6700. It is alleged that the one per cent. tax is imposed arbitrarily, without specific cause or excuse, against any one of the particular persons so taxed, or as against the entire group, and it penalizes to the extent of one per cent. each property owner whose property has been.assessed, for accepting credit from the contractor, without any hearing or process of law. whatever.

The portions of the ordinance above referred to, at which the attack is aimed, are as follows: Section 2. "That the assessments in conformity to the appraisement and. apportionment of the cost and expenses of paving and otherwise improving said portions of said streets as herein corrected and confirmed by the mayor and council of said city shall be payable in ten equal installments, and shall bear interest at the rate of 7 per cent. per annum until paid, and said assessment as to each and every parcel of land herein assessed shall be payable on the first day of September of each year, the first of said installments to be payable on September 1st, 1928, which installment shall be due and payable together with 7 per cent. per annum interest on the whole amount up to the last named day and one installment yearly, interest upon the amount remaining until paid shall be payable on the 1st day of September in each succeeding year until all shall be paid." Section 3. "That the owners of the property herein and hereby assessed shall have the privilege of paying the amount of their respective assessment within thirty days from the date of the passage and adoptance of this ordinance, and such owner shall be allowed to make payment of their respective assessment without interest within said period of thirty days to the treasurer of the City of Thomasville, Georgia, and thereby relieve their property from the lien of such assessment, and that upon the payment of any of their said assessment by the owners of said property within thirty days said property so assessed shall be immediately relieved from the lien of said assessment as provided in section 7 of said act; and that such money so paid to the treasurer shall be disbursed pro rata between the contractor, the Wesco Company, and the said city in proportion to their respective interest as provided in section 7 of said act." The act of 1925, by section 6, provides: "Assessments in conformity to said appraisement and apportionment as confirmed by council shall be payable in ten equal installments, and shall bear interest at the rate of not exceeding seven per cent. per annum until paid, payable in each year at such time as the several assessments are made payable each year. The said mayor and council shall by ordinance levy assessments in accordance with said appraisement and apportionment as so confirmed against the several tracts of land liable therefor; provided, however, that the rate of interest to be taxed shall not exceed one per cent. over and above the rate of interest

stipulated in the bonds herein provided for." Section 7 provides: "Said ordinance shall also provide that the owners of the property so assessed shall have the privilege of paying the amounts of their respective assessments within thirty days from the date of the passage of said ordinance. . . The owners of the property so assessed shall be allowed to make payment of their respective assessments without interest within said period of thirty days to the treasurer of the City of Thomasville and relieve their property from the lien of said assessment, which money so paid to the treasurer shall be disbursed pro rata between the contractor and the city in proportion to their respective interests." Section 9 of the act provides: "Such bonds shall bear interest at a rate not exceeding six per cent. per annum from their date until maturity, payable annually, and shall be designated as ' street-improvement bonds. ' "

We are of the opinion that neither the act of 1925 nor the ordinance adopted by the mayor and council of the City of Thomasville of October 10, 1927, is void for any of the reasons assigned. The act of 1925 (Ga. L. 1925, p. 1480 et seq.) provides that the bonds for street paving shall bear interest at the rate of 6 per cent. per annum, and that the assessments shall bear interest at the rate of 7 per cent. per annum; the ordinance of October 10, 1927, passed in pursuance of the act of 1925, contains the same provisions as in the act. Neither of these rates of interest exceeds the legal rate fixed by law, which is 7 per cent. per annum; and it was therefore competent for the City of Thomasville to provide sufficient interest on the assessments to take care of the expense to the city incident to the paving, issuance of bonds, etc. *City of Valdosta* v. *Harris*, 156 *Ga.* 490, 496 (12) (119 S. E. 625). Nor was the act of 1925 and the ordinance passed in pursuance thereof subject to the criticism that it did not provide due process of law. Both the act and the ordinance provide for the publication of a resolution by the city council of Thomasville that it is intended to pave the streets of the city, as provided in the act of 1925, and for the hearing of any protest against such paving, etc., to be filed in writing with the clerk of the city. There was no appearance and protest on the part of movants. See *City of Valdosta* v. *Harris*, supra; *Montgomery* v. *Atlanta*, 162 *Ga.* 534, 544 (134 S. E. 152, 47 A. L. R. 233). The other objections to the constitutionality of the act and the ordinance are without merit. The act is not a special law for

which provision has been made by an existing general law, as contended. There is no general law covering a case like the present. The act is not retroactive within the meaning of the constitution. It does not, for any reason assigned, violate the constitutional provision that "all taxes shall be uniform upon the same class of subjects." Even if any of the criticisms made upon the act or the ordinance have merit, the plaintiffs stood by and remained silent after notice and an opportunity to be heard upon all these questions now raised, and saw the work proceed without complaint until the paving was completed, and the objectors had received the benefit of the paving and the improvements made; and it is now too late for them, in such circumstances, to enjoin the issuance or transfer of the bonds, without offering to do equity by paying for the benefits received.

■ The defendants filed an answer which was amended, and to which the plaintiffs filed a demurrer on various grounds. The court overruled the demurrer, and the plaintiffs excepted. The answer denied the material allegations of the petition, and averred, among other things, that neither Theo. Titus, nor Lebbeus Dekle had any interest in the contract entered into between the City of Thomasville and the Wesco Company, the contractor employed to pave the streets. It was admitted that the firm of Titus & Dekle had received a fee of $500 for investigating the constitutionality of the act of 1925, and that they had given their opinion that the act was constitutional. It was also averred that they were employed to investigate the legality of the bond issue, or about to be issued by the City of Thomasville, and had given an opinion as to the legality of that issue, and also were to furnish various information from time to time on other questions, etc. For the reason given in the first division of this opinion, we hold that under the facts and circumstances of this case it was illegal for a member of the above firm, who was also a member of the city council of Thomasville, to participate in the execution of a contract between the City of Thomasville and the Wesco Company, employed to do the paving in this case. But the plaintiffs can not come into equity and set up such facts in order to avoid the payment of the assessment taxes against their property for the pavement of the streets in question, without offering to do equity by paying for the benefits received by them, where it appears that they saw the improvements

which were being made upon the streets, and that such improvements necessarily resulted in the enhancement of the value of the plaintiffs' abutting property, and that knowing these facts the plaintiffs took no steps, before the work on the streets was commenced or while the work was being done, or for some months after the work was completed and accepted by the city, to enjoin the issuance of the bonds, and to enforce the contentions which they now make. See *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (3) (121 S. E. 798, 33 A. L. R. 1406) ; *Raines* v. *Clay,* 161 *Ga.* 574, 576, 577 (131 S. E. 499) ; *Montgomery* v. *Atlanta,* supra; *City of Waycross* v. *Cowart,* 164 *Ga.* 721 (3) (139 S. E. 521).

There were other assignments of error upon rulings by the trial judge, but none of them are sufficient to cause a reversal of his judgment in refusing the interlocutory injunction.

*Judgment affirmed on both bills of exceptions. All the Justices concur; Beck, P. J., and Hines, J., specially.*