EMIL G. EHLERS, APPELLEE, V. FARMERS MUTUAL INSURANCE COMPANY, APPELLANT.

FILED FEBRUARY 7, 1936. No. 29525.

*Harvey W. Hess* and *Harold J. Requartte*, for appellant.

*J. P. Baldwin* and *W. O. Baldwin, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

In this action plaintiff seeks recovery on a policy of fire insurance, issued to him by defendant. Defendant admitted the issuance of the policy, denied liability on the ground that the policy had lapsed for nonpayment of an assessment duly made, and alleged that the policy was not in force at the time plaintiff sustained his fire loss.

The parties stipulated the value of the property covered by the policy and destroyed by fire. At the close of all the evidence each of the parties moved for a directed verdict.

The court overruled defendant's motion and sustained that of plaintiff, and judgment was entered upon the directed verdict for the stipulated value of the property destroyed, plus interest. Defendant has appealed.

The only assignments of error requiring consideration are those relating to the question of whether the policy had lapsed for nonpayment of the assessment.

Defendant was a mutual assessment insurance company. The loss sustained by plaintiff occurred March 16, 1934. In July, 1933, defendant authorized an assessment to be made as of the 1st day of October, 1933, and the assessment was made as of that date. It is conceded that plaintiff has not paid the assessment. Plaintiff claimed that he. had received no notice of such assessment, and further that the assessment was void because it was made, in part, for anticipated future losses; and plaintiff contends that defendant had power to levy assessments only for losses that had actually occurred, together with necessary expenses of the company.

In *Hobza v. State Farmers Ins. Co.*, 125 Neb. 776, 252 N. W. 214, this court construed the applicable statute, to the effect that such a company as plaintiff may make an assessment upon its members only for losses which have actually occurred, plus operating expenses incurred by the company, and it is admitted in this regard that the assessment made by this company, effective October 1, 1933, was, in part, for future anticipated losses. Defendant now contends that this court did not properly construe the statute, and that the administrative department of the state, having to do with enforcement of the insurance laws, had for a long time previously construed this statute as authorizing such companies to make assessments for future anticipated losses, and that such construction, having been acquiesced in by the administrative department for a long time, should control the action of this court.

In 59 C. J. 1022, it is said: "Where the language of a statute is ambiguous or uncertain, the construction placed on it by contemporaries, although not controlling, may be

resorted to as an aid in ascertaining the legislative intent, and should not be overturned except for cogent reasons. * * * But since it is primarily the function and duty of the courts to interpret the meaning of a statute, a resort to contemporaneous construction is both unnecessary and improper where the language used is clear, or its meaning can be ascertained by the use of intrinsic aids alone."

In 25 R. C. L. 1043, sec. 274, it is said: "It is a well-settled rule that the contemporaneous construction of a statute by those charged with its execution and application, especially when it has long prevailed, while not controlling, is entitled to great weight, and should not be disregarded or overturned except for cogent reasons, and unless it be clear that such construction is erroneous."

Evidently, construction of a statute by an administrative or executive department of the state may be resorted to as an aid to the court in determining its meaning, but only where the court of last resort of the state has not previously interpreted the statute. After the court of last resort has placed an interpretation thereon, it is unthinkable that its ruling should be overturned by a construction placed thereon by an administrative or executive body. If such were the rule, then the decision of a court of last resort might, in effect, be overruled and overturned by showing that an administrative or executive department, charged with the administration of a statute, had previously given it a different construction. The rule that consideration will be given to contemporaneous construction by administrative or executive departments of the state is applicable only where the court has not previously determined the meaning of the statute. In *Hobza v. State Farmers Ins. Co., supra,* this court has previously placed a construction upon the applicable statute. We are content to abide by our former decision.

It may be observed that the statute which controls in the instant case, and which was construed in *Hobza v. State Farmers Ins. Co., supra,* was amended by the legislature in 1935, so as to provide for assessments for future losses.

Comp. St. Supp. 1935, sec. 44-902. The new statute, however, has no application to the instant case.

For another reason the judgment of the district court must be affirmed. It is a rule that the application for a policy of insurance, the policy itself, the articles of incorporation and by-laws of the company, and the applicable statutes all enter into and form a part of a contract of insurance. In the instant case, the application contains this language: "In consideration of the above guaranteed indemnity during the time specified in the above application for insurance I agree to pay to the treasurer of the Farmers Mutual Insurance Company of Thayer county, Nebraska, a membership fee of................Dollars, and also bind myself, * * * to pay my pro rata share of all losses and necessary expenses." The policy contains this provision: "In consideration of the payment of Four and 25/100 Dollars, the renewal of Policy No. Part 17608 and an agreement to pay his pro rata share of all losses and necessary expenses that may be incurred, the above named company hereby insures," etc. The by-laws provide among other things: "Any member may withdraw from this company by surrendering his policy to the secretary and paying his pro rata share of all losses up to date of such action." Another provision reads: "When an assessment has been ordered the secretary shall send notice of same to each member. Which notice shall * * * give a complete list of all losses since date of last assessment."

We think a fair interpretation of the various provisions of the application, the policy and the by-laws indicates quite clearly that the company was not authorized to make an assessment for future anticipated losses; that it was limited to losses that had occurred and necessary operating expenses of the company.

The conclusion already reached renders it unnecessary to consider other assignments of error. The judgment is right and is

AFFIRMED.