CITY OF LINCOLN, NEBRASKA, APPELLANT, V. FIRST NATIONAL BANK OF LINCOLN, APPELLEE.

19 N. W. 2d 156

FILED JUNE 8, 1945. No. 31918.

*Max Kier, A. A. Whitworth,* and *Jack Devoe,* for appellant.

*Cline, Williams & Wright,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

The city of Lincoln sought a declaratory judgment in the district court for Lancaster county to determine whether it was legal to continue the deposit of its funds in the defendant First National Bank of Lincoln, Nebraska, while a member of the city council was a stockholder, director or officer of the bank. The question arose by reason of identical provisions contained in section 3, art. VII, home rule charter, City of Lincoln, 1917, and section 15-603, R. S. 1943, applicable to cities of that class. The charter and the statute each provide in part: "No officer of the city shall be interested directly or indirectly in any contract to which the city, or anyone for its benefit, is a party; and such interest in any contract shall avoid the obligation thereof on the part of the city. * * * Nor shall any officer receive any pay or perquisite from the city other than his salary * * * ."

The district court by its decree found that the deposits of city funds in defendant bank were not prohibited by either of such provisions, notwithstanding that a member of the council was a stockholder, director and officer of the bank. Motion for new trial was overruled and the city appealed, contending that the decree is not sustained by the evidence and is contrary to law. We sustain these contentions.

The matters presented for decision involve only questions of law. There is no dispute concerning the facts. On Au-

gust 8, 1938, the city council by resolution authorized and empowered the city treasurer, their appointee, to deposit city funds in any one bank within the city of Lincoln in an amount up to the paid-up capital and surplus of the bank, not to exceed ninety per cent of the value of securities to be pledged to secure such deposits. The resolution also designated classes of securities permitted to be used by the bank. On May 15, 1939, the council adopted a resolution designating certain banks, including defendant, as sole and only depositories for city funds.

By arrangement with the city treasurer since 1938, division as to time and amount of deposits has been upon a basis of 15 months in proportion to capital and surplus, four months of which were allotted to the Continental National Bank, four to the National Bank of Commerce and seven to defendant bank. At the time of trial defendant bank was being used for a depository and would continue to be so used for approximately seven months. Deposits are made daily, recorded in a regular bank book and withdrawn by check. Suburban banks have water and light department moneys on deposit but do not have active checking accounts.

Stanley Maly, a stockholder, director and vice-president of defendant bank, was elected and qualified as a member of the city council on May 12, 1941, for a four year term. Subsequently the city treasurer has deposited city funds in defendant bank and it has accepted them claiming it was legally entitled to do so. At the time of the trial there was on deposit with defendant approximately $1,250,000 of city funds and deposits will continue to be made in the future if legal to do so. To secure the city funds defendant has placed in escrow with the Federal Reserve Bank of Kansas City, Missouri, $1,000,000 in United States Treasury bonds at $2\frac{3}{4}$ per cent, due December 15, 1965.

The evidence offered by defendant consists of a stipulation received subject to the objection that it was immaterial and irrelevant. This evidence is that from 1911 to 1913, from 1917 to 1921 and from 1929 to 1931 certain mayors of the city were stockholders and directors of banks, including

defendant, in which city funds were deposited during that period. In this connection the position of defendant is that this evidence discloses an administrative interpretation of the statute involved contrary to the city's contentions both before and after the adoption of the home rule charter which should be considered by the court in giving the pro- ·visions involved their true construction.

At the outset it should be said that the resolutions authorizing the city treasurer to deposit city funds in any one bank upon certain conditions of security and the later designation of defendant bank as one of the sole depositories for city funds were passed by the city council long before Stanley Maly became a councilman. The sole question presented here is whether the First National Bank, of which Stanley Maly is admittedly a stockholder, director and officer, is prohibited from receiving deposits of city funds because he is now a member of the city council.

It must be conceded that the pleadings present a justiciable controversy under the declaratory judgment act. We have held that the term "person" used in the declaratory judgment act is broad enough to include the state or any subdivision thereof. *State ex rel. Smrha v. General American Life Ins. Co.*, 132 Neb. 520, 272 N. W. 555. In both *Dill v. Hamilton*, 137 Neb. 723, 291 N. W. 62, and *Lynn v. Kearney County*, 121 Neb. 122, 236 N. W. 192, this court approved the views expressed in *State v. Grove*, 109 Kan. 619, 201 Pac. 82, wherein it was said: "It is hardly conceivable that any fundamental principal of our government, beyond legislative control, prevents two disputants, each of whom sincerely believes in the rightfulness of his own claim, but each of whom wishes to abide by the law whatever it may be determined to be, from obtaining an adjudication of their controversy in the courts without one or the other first doing something that is illegal * * * if he is mistaken in his view of the law."

We turn then to decision of the important question, whether a bank deposit constitutes a contract within the prohibitions of the charter and statute. It seems clear un-

der the circumstances that if a deposit in a bank is a contract and an officer of the city has an interest therein that such a contract comes squarely within the charter and statute. If a deposit is a contract it is one made by volition of the parties as distinguished from one that is ministerial, and it is not one of common benefit or privilege open to all citizens upon the same terms or standard rates such as water or electricity furnished by the city. The electors and Legislature had a right to include the provisions here involved in the charter and statutes which should not and cannot be voided in a proper case by judicial construction.

We find that the question presented must be answered affirmatively. It is said in 7 Am. Jur., sec. 405, p. 286: "The term 'deposit,' when used in connection with a banking transaction, denotes a contractual relationship ensuing from the delivery, by one known as the 'depositor,' of moneys, funds, or things into the possession of the bank, which receives the same upon the agreement to pay, repay, or return, upon the order or demand of the depositor, the moneys, funds, or equivalent amount, or things, received; this agreement on the part of the bank is usually a tacit one and implied * * * ." Also in 9 C. J. S., sec. 267b, p. 545: "The relation of banker and depositor is created by contract." This court has held that the relation of banker and depositor can only be created by contract express or implied. *State v. Citizens State Bank,* 117 Neb. 358, 220 N. W. 593. See, also, *Citizens State Bank v. Worden,* 95 Neb. 53, 144 N. W. 1064, wherein there appears an affirmance of the contractual nature of a deposit in a bank.

The resolution of the council giving the city treasurer authority to deposit and the designation by the council of defendant bank and others as the sole and only depositories are only resolutions of the council. Such a resolution standing alone is not a contract. The former was simply a grant of authority to the treasurer, and the latter a limitation of his authority naming and designating certain banks of which defendant was only one. The actual deposit of city funds as authorized in a designated bank creates the con-

tractual relationship between the city and the particular bank in which the deposits are made. In this connection each daily deposit gives rise to a new and continuous contractual relationship between the city and the bank until the undertaking of the bank to pay upon proper demand by check according to general usage in such cases or according to special stipulation with the city is fully performed. See *Citizens State Bank v. Worden, supra.*

Manifestly the defendant is deriving a benefit or profit from the deposits of the city funds. The defendant in its answer so admitted. As a business institution it could not ordinarily be expected to receive and disburse so large an account without prospect of profit commensurate with the service required. Naturally, any person who was a stockholder, director or officer thereof would be both directly and indirectly financially interested in any contractual arrangement which returned a profit to his corporation. However, we call attention to the fact that if the contract is of a kind prohibited by law it is immaterial whether the officer of the city actually profited from the contract or whether he was actually influenced by his interest. The question is whether there was any contract to which the city or any one for its benefit is a party in which the officer of the city was interested directly or indirectly by virtue of an opportunity to benefit or profit therefrom.

In *Schenectady Illuminating Co. v. Board of Supervisors of Schenectady County,* 151 N. Y. Supp. 830, which was affirmed in 151 N. Y. Supp. 1012, 166 App. Div. 758, it was said: "The contract is unenforceable, not because a public officer has failed in his duty, but because he has some interest in conflict with his duty. The interest referred to is not necessarily a money interest, nor is it an interest sufficiently large to induce a man generally honest to disregard his duty. It may be indirect. It is such an interest as is covered by the moral rule: No man can serve two masters whose interests conflict. *Smith v. City of Albany, supra.* Too great refinement of reasoning must not be indulged to uphold a contract against this provision of the law on the ground that the interest is so little or so indirect."

In *Neisius v. Henry*, 142 Neb. 29, 5 N. W. 2d 291, we had occasion to examine a statutory provision which uses language almost identical with the city charter and statute involved. That statute, now sec. 17-611, R. S. 1943, provides in part: "No officer of any city or village shall be interested, directly or indirectly, in any contract to which the corporation, or any one for its benefit, is a party; and any such interest in any such contract shall avoid the obligation thereof on the part of such corporation, nor shall any officer receive any pay or perquisites from the city other than his salary * * * ." In the opinion last above cited it was said: "It is argued by defendants that this statute does not by its terms, or by implication, render the contract void, but that on the contrary it is carefully worded so as to make it voidable only. If the contract be voidable only under this statute, some affirmative act on the part of a city would be required to terminate liability. We think the statute clearly expresses a contrary meaning. The use of the words 'and any such interest in any such contract shall avoid the obligation thereof on the part of such corporation' does not import any affirmative action on the part of the city to avoid the obligation of the contract. The interest of the officer in the contract avoids *ipso facto* the obligation thereof on the part of the city." We therein also quoted from and followed the construction placed upon the same statute in *Village of Bellevue v. Sterba*, 140 Neb. 744, 1 N. W. 2d 820, wherein it was said: "Where a statute prohibits an officer of a village from having an interest in any contract with the village, and avoids the obligation of any such contract so made, it is void for all purposes, and any funds paid out because of such purported contract may be recovered back at the suit of the village or of a taxpayer suing in its behalf." In *Neisius v. Henry, supra*, we also disapproved the reasoning in *Call Publishing Co. v. City of Lincoln*, 29 Neb. 149, 45 N. W. 245, in the following language: "The reasoning indulged in fails to give effect to the words 'and any such interest in any such contract shall avoid the obligation thereof on the part of such corporation'. To 'avoid the obliga-

tion' is plain language and clearly implies relief from all liability, not only as to unperformed portions of the contract, but from the whole transaction from its very inception."

In *Hobbs, Wall & Co. v. Moran*, 109 Cal. App. 316, 293 Pac. 145, it is said: "Such transactions are held to be void whether they arise from the relationship of an agency which is public, quasi public or private in its nature. The theory of the law is that a councilman or other officer of a city sustains the same fiduciary relationship toward the citizens of his community that a trustee bears to his cestui que trust * * * ."

The statement is made in 44 C. J., sec. 2176, p. 93: "Cases are numerous wherein a municipality was brought into contractual relation with firms or companies, of which a councilman or other city officer was a member, stockholder or employee, and the courts have usually applied the general doctrines to the undoing of such contracts, just as though the officers were individually interested." As stated in 37 Am. Jur., sec. 274, p. 897, "A charter or statutory provision which prohibits a municipal officer from being directly or indirectly interested in a contract with the municipality has been held to extend to contracts between the municipality and a corporation of which a municipal officer is a stockholder or stockholder and officer. Such a contract is void and incapable of ratification even though the municipal officer has no official connection with the contract and no knowledge of its existence." See, also, *Ferle v. City of Lansing*, 189 Mich. 501, 155 N. W. 591, L. R. A. 1917C 1096 and annotation L. R. A. 1917C 1099.

As said in *Hardy v. City of Gainesville*, 121 Ga. 327, 48 S. E. 921: "A stockholder in a private corporation clearly has an interest in its contracts; and if the city can not make a contract with the officer himself, it can not make it with a corporation in which such officer is a stockholder." In 2 Dillon, Municipal Corporations (5th ed.), sec. 773, p. 1143, it is stated in somewhat different language, "At common law and generally under statutory enactments, it is now es-

tablished beyond question that a contract made by an officer of a municipality with himself, or in which he is interested, is contrary to public policy and tainted with illegality; and this rule applies whether such officer acts alone on behalf of the municipality, or as a member of the board of council. * * * The fact that the interest of the offending officer in the invalid contract is indirect and is very small is immaterial." See, also, *James v. City of Hamburg*, 174 Ia. 301, 156 N. W. 394.

We can only conclude that the deposits of the City of Lincoln in defendant bank are prohibited by virtue of section 3, art. VII of the home rule charter and section 15-603, R. S. 1943, while a member of the city council or officer of the city is a stockholder, director or officer of the bank. In arriving at this conclusion we have not overlooked the former executive or administrative construction of the charter and statute presented by defendant. We find that it is immaterial and of no effect under the circumstances presented. In *Miller v. Iowa-Nebraska Light & Power Co.*, 129 Neb. 757, 262 N. W. 855, it was held by this court that: "Resort to contemporaneous construction of a statute by administrative bodies is neither necessary nor proper where the language used is clear, or its meaning can be ascertained by the use of intrinsic aids alone." Also, it was held in *Ehlers v. Farmers Mutual Ins. Co.*, 130 Neb. 368, 264 N. W. 894: "When the court of last resort has judicially construed a statute, the rule permitting recourse to contemporaneous construction of the statute by administrative or executive officials, charged with the enforcement of such statute, is inapplicable." See, also, 59 C. J., sec. 607, p. 1022; sec. 613, p. 1036.

We find that the language of the charter and statute is clear and unambiguous. Further both in *Village of Bellevue v. Sterba, supra*, and *Neisius v. Henry, supra*, this court has held under a statute, almost identical therewith, that a contract of a city in which an officer thereof has an interest is illegal and void for all purposes. The plain import of such provisions already unequivocally adjudicated cannot

be changed or avoided by an erroneous administrative construction.

For the reasons heretofore stated the judgment of the district court is reversed and remanded with directions that the trial court enter a judgment finding and adjudging that the deposit of city funds in defendant bank is illegal and void while an officer of the city is either a stockholder, officer or director of defendant bank. An injunction will not be granted since deposits by the city may be discontinued at any time and we assume, as a matter of course, that both the city and the bank will abide by the final decision of the court.

REVERSED, WITH DIRECTIONS.