STORY *et al. v.* CITY OF MACON.

No. 16639. June 13, 1949. Rehearing denied July 14, 1949.

*Frank G. Wilson, Joe Patterson Jr.,* and *Carl M. Story,* for plaintiffs.

*Hallie B. Bell* and *E. S. Sell Jr.,* for defendant.

HEAD, Justice. ■ The amendment alleging that the charter of the City of Macon makes no provision for property owners to be heard before the assessment becomes final, in violation of the constitutional requirement that no person shall be deprived of property except by due process of law, was properly stricken on demurrer.

The amendment to the charter of the City of Macon (Ga. L. 1927, pp. 1283-1357), in § 74 (i), with reference to the authority and discretion of the mayor and council of the city to pave and macadamize the streets of the city, provides in part: "to prescribe how the owners or agents thereof shall be served with notice by personal service or by publication." The ordinance of the city provides: Notice of the intention of the city to pave Piedmont Avenue and other streets shall "be published at least twice" before the work is commenced. Any property owner affected by the proposed paving may, within ten days after the last published notice, show cause why he should not comply with the provisions of the notice, with the right to be heard as to the reasonableness of the proposed paving or any other material or pertinent matter connected therewith.

The mayor and council construed the charter to require notice and the right of a hearing as to property owners or interested persons, prior to the commencement of work on the paving projects. The two hearings accorded those objecting to the pav-

ing of Piedmont Avenue were not granted as a matter of "grace," but as a right conferred by the charter provision and the ordinance promulgated pursuant thereto.

■ The amendment to the charter of the City of Macon (Ga. L. 1927, pp. 1283-1357), § 74 (a), provides: "The Mayor and Council of the City of Macon shall have full power and authority, in their discretion, to grade, pave, macadamize, and otherwise improve for travel and drainage the streets and public lanes and alleys of said city." The General Assembly has thus conferred upon the Mayor and Council of the City of Macon very broad discretionary powers over the streets and alleys of the city.

The "courts will never interfere with the free exercise of such rights as are left to the discretion of a corporate authority, unless such authority should go beyond the scope of power delegated, or unless the discretion given should be abused by an arbitrary exercise thereof, and by a plain and unwarranted violation of private rights." *Burckhardt* v. *Atlanta*, 103 *Ga.* 302, 309, 310 (30 S. E. 32).

The record discloses a wide variance of opinion among the property owners of the avenue as to the advisability or necessity for the paving thereof. Apparently the mayor and council at one time had a petition requesting the paving of the avenue by persons owning a majority of the front footage thereon. Whether a majority of the property owners at the time of the passage of the ordinance approved or disapproved the action of the mayor and council, is not the issue for decision here. The opinions of men may, and frequently do, differ on all subjects pertaining to governmental affairs. The law, however, recognizes that it is the duty of government to promote the greatest good to the greatest number, where there may be a conflict of interest. In this case the mayor and council of the city were granted the power to act, and the courts are not concerned with the motives that may have prompted the passage of the ordinance providing for the paving of Piedmont Avenue. The rule is now well established that when a municipal corporation is performing legislative functions its motive in enacting an ordinance cannot be inquired into, but will be presumed to be proper. 37 Am. Jur. 682, § 68; 2 McQuillin on Municipal Corporations, 1527, § 703.

■

594

The evidence offered by the plaintiffs in error on the hearing for permanént injunction does not support the allegations of the petition that the Mayor and Council of the City of Macon in providing for the pavement of Piedmont Avenue acted in an "arbitrary, unreasonable" manner amounting to an abuse of discretion.

■ The plaintiffs in error contend that the ordinance providing for the paving of Piedmont Avenue is void for the reason that C. E. Odum, a member of the city council and an owner of property on Piedmont Avenue, voted for the ordinance. It is contended that the vote of Odum for the ordinance violates the Code, § 69-204, as follows: "It is improper and illegal for a member of a city council to vote upon any question, brought before the council, in which he is personally interested." It is insisted that the uncontradicted evidence shows that by paving Piedmont Avenue the property thereon would be increased in value from ten to twenty percent.

The action of Councilman Odum in voting for the ordinance providing for the paving of Piedmont Avenue was legislative in character. The benefits accruing to him by the paving were the same benefits accruing to all property owners on a large number of streets included in the ordinance for paving. The precise question now before the court does not appear to have been ruled upon in any decision of this court. It has been held in other jurisdictions, however, that ownership by a member of a municipal council of land which will be affected by a public improvement does not disqualify him from voting on such improvement. 37 Am. Jur. 681, § 67; Gardiner v. Bluffton, 173 Ind. 454 (89 N. E. 853); 133 A. L. R. 1267.

The present case is distinguished on its facts from that line of decisions by this court construing a "personal" interest as a "financial" interest. Compare Mayor &c. of Macon v. Huff, 60 Ga. 221; West & Company v. Berry, 98 Ga. 402 (25 S. E. 508); Hardy v. Gainesville, 121 Ga. 327 (48 S. E. 921); Twiggs v. Wingfield, 147 Ga. 790 (95 S. E. 711, L. R. A. 1918E, 757); Montgomery v. Atlanta, 162 Ga. 534 (134 S. E. 152); Trainer v. Covington, 183 Ga. 759 (189 S. E. 842); Mayor &c. of Hogansville v. Planters Bank, 27 Ga. App. 384 (108 S. E. 480).

Under the allegations of the petition and the evidence in sup-

port thereof, the ordinance providing for the paving of Piedmont Avenue is not void because C. E. Odum, a member of the city council and a property owner affected by the paving, voted for the passage of the ordinance.

■ It is contended that the ordinance providing for the paving of Piedmont Avenue and other streets is illegal, null and void, for the reason that it delegates the legislative duties of council to the city engineer and to the street committee of council, in violation of law. The ordinance provides, in section 2, that the paving shall be done either by the city or by contract, and in accordance with plans and specifications approved by the city engineer and under the supervision of the engineer, subject to the approval of the street committee of the city council.

The charter of the City of Macon gives the mayor and council broad general powers in relation to the paving of city streets. There are no provisions requiring the mayor and council to make plans and specifications for the paving such as those in the city charter under consideration in *Watson* v. *Bryant,* 37 *Ga. App.* 768 (141 S. E. 920). In the charter of the City of Macon (Ga. L. 1927, p. 1326, § 74), it is provided that the mayor and council shall have the right to "prescribe by ordinance or resolution the work to be done and the method of doing the same." In section 74 (i) it is stated that "the mayor and council shall have full authority to prescribe by ordinance such other rules as may, in their discretion, be necessary to grade, pave, macadamize, drain, curb, or gutter any of the streets of the city." The office of city engineer is created by the city charter, and it is provided in section 41 that the mayor and council shall have authority by ordinance to prescribe the duties of the city engineer.

The plaintiffs in error rely upon the testimony of Tom Jones, a former member of council, to support their contention that the ordinance providing for the paving of Piedmont Avenue delegated to the city engineer powers conferred on, and to be exercised by, the council. The testimony of the witness Jones does not support the contentions made. Mr. Jones testified in part as follows: "Mr. Walker decided the type of pavement to be used, but all paving out there was with concrete, they [street committee] thinking it was a better investment. On any street his committee decided the width and depth the pavement was to be laid

and the material to be used, the plans and specifications being drawn up by the city engineer's office and referred to him." From the testimony of the witness Jones it is clear that the city engineer was required to draw plans and specifications, which were submitted to, and approved by, the street committee of the city council. Under the powers conferred by the amendment to the charter of the City of Macon (Ga. L. 1927, p. 1283), the mayor and council did not delegate to the city engineer any duties or authority required of the mayor and council.

■ The evidence offered by the plaintiffs in error on the hearing for permanent injunction, and all inferences which might be properly drawn therefrom, construed most favorably to them, failed to show any abuse of discretion on the part of the Mayor and Council of the City of Macon, or that the ordinance under attack is void for any reason assigned. The trial judge properly granted the nonsuit.

*Judgment affirmed. All the Justices concur.*