REQUESTED BY: Dear Senator Warner:
You have asked us for advice on whether the Legislative Fiscal Analyst may have access to data contained in computer files. The question arises because of the provisions of section 81-1117.02 which prohibits the release of information to `any person or persons' without written approval by both the agency and the employee `to whom such data pertains.' Section 50-420 provides:
 "Each officer, board, commission and department of state government shall furnish such information to the Legislative Fiscal Analyst as he may require."
In determining the question it is necessary to determine whether the phrase `person or persons' as used in section81-1117.02, R.R.S. 1943, encompasses employees of the state performing their duties under law. Generally person is held not to include the state. See, Hanson v.Commissioner, 181 N.E.2d 843 (Mass.). This general law operates under the presumption that the term `person or persons' excludes the state from a number of situations, including actions under the Civil Rights Act, for instance, and certain liabilities arising in tort law.
There are, of course, many exceptions to this general rule. One of those exceptions is that the state is considered to be included within the term `person' in a declaratory judgment action in Nebraska. See, City ofLincoln v. First National Bank, 146 Neb. 221,19 N.W.2d 156 (1945). Additionally, the Legislature has defined the term `person' in section 49-801, R.R.S. 1943 (18):
 "Person includes bodies politic and corporate, societies, communities, the public generally, individuals, partnerships, joint stock companies and associations."
This definition, along with the construction of the term `person' in other statutes in Nebraska leads us to the conclusion that the term `person' as used in the statutes normally would include the state. By including the state, it would appear that the use of such a term would include the agencies of the state seeking information which pertains to a particular individual or which has been generated and is maintained by some entity other than the computer operations division of the Department of Administrative Services. Thus, to the extent that the information sought is generated by another agency and pertains to an individual employee the fiscal officer would not have access to that information in computer form. He would, of course, have access to that information from the agency responsible for generating and maintaining the information, a more time consuming process but nonetheless one that exists. For that reason the specific prohibition contained in section81-1117.02, coupled with the criminal provisions provided in section 81-1117.03, R.R.S. 1943, would dictate a prudent course of refusing access to computer files upon the request of the Legislative Fiscal Officer.
In your second question you ask whether the following language inserted in section 81-1117.02 would clear up this problem of securing information from DAS by the Legislative Fiscal Analyst.
 ". . . except as required in section 50-420, Reissue Revised Statutes of Nebraska, 1943."
We do not believe the language will clear up your problems as you describe it. Section 50-420 does not require the release of any information. It merely authorizes the Legislative Fiscal Analyst to secure information from officers, boards, commissions, and departments. It would appear advisable that more general language be inserted in this section which would authorize the release of information maintained in computer files to state agencies and state officers where such information is required for them to perform their duties as mandated by statutes. Such general language would then authorize the Legislative Fiscal Analyst to secure information in the performance of his duties as specified under section 50-419, R.R.S. 1943. Some language such as `except as required by another state officer or agency in the performance of his official duties' would clearly authorize release of such information to the Legislative Fiscal Analyst.