### WRIGHT et al. v. OVERSTREET et al.

CANDLER, J. 1. "Where a town was reincorporated as a city by an act which repealed all conflicting laws, the territory embraced within the town thereafter became a city, notwithstanding the fact that the act granting a charter to the town had not been expressly repealed. The effect of the act incorporating the city was to repeal, by necessary implication, the charter of the town." *Mattox* v. *State*, 115 *Ga.* 212 (4).

2. It is within the power of the General Assembly to confer upon the city all the powers granted to the town in its charter, by a simple enactment to the effect that all laws and ordinances of force at the time of the passage of the act, and all powers belonging to the town corporation, are to belong to the city as provided by the town charter.

3. As a general rule, acts of the General Assembly take effect from the date of their approval by the Governor; and where two bills were passed by the legislature, one dependent for its validity upon the prior enactment of the other, it is immaterial in what order they were introduced or put upon their final passage, so long as executive approval of the two bills was had in such an order of priority as to make them both effective.

4. For none of the reasons urged was it error to refuse an injunction.

*Judgment affirmed. All the Justices concur.*

Argued March 8,—Decided March 27, 1905.

Petition for injunction.    Before Judge Daley.    Screven superior court.    December 14, 1904.

The petition was by a citizen and taxpayer of Screven county, for an injunction to prevent the county treasurer from paying county funds to Overstreet as judge and to others as officers and jurors, under the act of December 15, 1902, entitled "An act to establish the city court of Sylvania," etc. (Acts 1902, p. 162); the petition alleging that the act is unconstitutional and void, for the following reasons: (*a*) At the time of its final reading and passage there was no City of Sylvania, and therefore no constitutional city court could have been established by the act. (*b*) The purpose of the legislature in passing the act was to establish a constitutional city court, and not a court of any other class or character. (*c*) The act approved December 10, 1902, entitled "An act to incorporate the Town of Sylvania as the City of Sylvania," etc. (Acts 1902, p. 626), did not establish a City of Sylvania, but operated only upon the then existing Town of Sylvania, and preserved its entity. (*d*) The two acts above mentioned (except for the first reading in the House when both were introduced, when the last-mentioned act was first read, two days before the first reading of the first-mentioned act) were read in both houses on identical days, and were finally passed on the same day, and were transmitted to the Governor for approval at · the same time; and for this reason there was no City of Sylvania at the time of the passage of the act whose purpose was to establish the city court of Sylvania. (*e*) The General Assembly, a few days before the introduction of the city-court bill, had evinced its deliberate intention to rid the county of Screven of a court of the class and character of the court which would result from the failure of its purpose to establish a constitutional city court, and therefore no such court of lesser dignity was established or intended to be established, failing the accomplishment of the General Assembly's aim to establish the court of higher dignity. (Acts 1902, p. 199.) At the hearing there was introduced in evidence a duly certified transcript from the office of the secretary of State, showing the dates on which the acts referred to were read in the General Assembly, and the dates on which they were finally passed. An injunction was refused.

*A. C. Wright,* for plaintiffs, cited the acts referred to in the petition, and *Ga. Rep.* 112/169; 115/821, 831.

*J. W. Overstreet,* for defendants, cited Acts 1903, p. 167; *Ga. R.* 115/213, 820–1; 113/444 (1); 103/701 (1–2); 114/794 (5), 871 (1); 107/690 (1); 119/539 (4); 72/246 (2a); 85/1; 98/811–12; 101/537; 70/721 (2); Civil Code, §§ 5819–20; 26 A. & E. Enc. L. (2d ed.) 548 (14b).