## BROWN et al. v. CITY OF EAST POINT et al.

GEORGE, J. 1. In order to constitute a dedication of land to public uses, an offer express or implied, on the part of the owner, to dedicate the use of the land to the public must be shown, and there must be an acceptance, express or implied, of the use of the land by the public authorities. Mayor etc. of Macon v. Franklin, 12 Ga. 239; Ellis v. Hazlehurst, 138 Ga. 181 (2, 4), 184 (75 S. E. 99). Where there has been a dedication of the land to public uses only, the ultimate fee remains unaffected thereby. Cincinnati v. White, 6 Pet. 431 (8 L. ed. 452) ; Bayard v. Hargrove, 45 Ga. 342, 351. The effect of such dedication is not to deprive the owner of his title to the land; he retains the exclusive right in the land "for every purpose of user or profit not inconsistent with the public easement;" but he is estopped, while the dedication continues, from asserting any right in the soil inconsistent with the public easement.

2. Where the dedication, express or implied, is made for a specific purpose, the public authorities have no power to use the property for any purpose other than the one designated. Barclay v. Howell, 6 Pet. 498 (8 L. ed. 477) ; 13 Cyc. 498. Property dedicated to a particular purpose can not by the dedicatee, a municipality, be diverted from that purpose except under the right of eminent domain. United States v. Illinois Central Railroad Co., 26 Fed. Cas. 461, 2 Biss. 174.

3. Property dedicated to a public use may by the dedicatee be put to all customary uses within the definition of the use. Any use which is inconsistent, or which substantially and materially interferes, with the use of the property for the particular purpose to which it was dedicated, will constitute a misuser or diversion; and while under the general rule a misuser or diversion of the property for any purpose other than the one designated will not work a reversion of the property freed from the easement to the owner of the dominant fee, equity will, on the petition of proper parties, enjoin such misuser or diversion. Bayard v. Hargrove, supra; 3 Dill. Mun. Cor. (5th ed.) § 1106 and cases cited in note.

4. Accordingly, where private property abutting on a public highway or street was dedicated by the owner to the use of the public as a sidewalk as that term is generally and commonly understood, the municipal authorities can not convert the sidewalk into a street for vehicular traffic, as by so widening the street as to include the sidewalk within the street proper, without first acquiring the right to do so from the owner of the dominant fee, either by purchase or under the right of eminent domain. The widening of the street so as to include within it

the strip of land adjacent thereto dedicated to the use of the public as a footway, and the opening up of the whole street for vehicular traffic generally, is inconsistent and changes and materially interferes with the use of the sidewalk for the particular purpose for which it was dedicated. The undisputed evidence disclosing that the municipal authorities neither compensated nor offered to compensate the owners of the fee for the land dedicated to the public as a sidewalk, which they thus sought to convert into the street or highway proper, the court erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 681. May 14, 1918.

Petition for injunction. Before Judge Bell. Fulton superior court. September 18, 1917.

*Walter McElreath* and *Joseph W. & John D. Humphries*, for plaintiff. *Guy Parker*, for defendants.