## DONALSON, executor, v. GEORGIA POWER & LIGHT COMPANY.

RUSSELL, C. J. The plaintiff assigns error upon the finding of the judge of the superior court, who by consent of the parties heard the case without the intervention of a jury, and rendered judgment in favor of the defendant. The cause was tried upon stipulations as to agreed facts. The suit was brought by the sole executor of the estate of Donalson against the Georgia Power & Light Company, and concerned the ownership of a strip of land six feet in width and extending eleven hundred feet on the north side of Carter Street in the City of Bainbridge, which was dedicated by the plaintiff's testator in the year 1903 for the locomotion of passengers and vehicles, and as a means of access and egress to the property of the testator and for the purpose of dividing such property into building lots, whereby the purchasers of such lots would have a means of access and egress from the lots purchased by them. This street was not opened by the City of Bainbridge until the year 1926, and not then until the city council granted to a predecessor of the defendant permission to construct a high-tension electric line on said street. This was done without plaintiff's knowledge, and he has never consented to the construction of the transmission line, nor has he acquiesced in the possession of the property over which the electric line was constructed. The property has never been condemned, nor has the plaintiff ever been paid anything therefor, and the property contiguous to the high-tension electric transmission line of defendant has been greatly depreciated in value, due to the dangers incident to the operation of the uninsulated line which transmits 66,000 volts. *Held:*

1. Ownership of the soil and the right to an easement are independent. The grantee of an easement is not the owner or occupant of the estate over which the right extends, but the right to the fee and the right to an easement in the same realty are independent of each other, and may well coexist even when vested in different persons.

2. The owner of the fee of a highway, over which the public have an easement for travel, may recover the land within the limits of the highway, in ejectment against one who has illegally appropriated it to a purpose not authorized by the easement or the servitude imposed thereby. The owner of the fee has the right to continue to use the land in any manner not inconsistent with the public right, or which does not impair the enjoyment of the easement.

3. "In cases of necessity, private ways may be granted upon just compensation first being paid by the applicant. Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Constitution of 1877, art. 1, sec. 3, par. 1.

4. The Georgia statute which directs compensation to be made to the owners of land laid out for a right of way must be taken to provide for the purchase of the easement, and not of the land. *City of Savannah* v. *Steamboat Co., R. M. Charlton,* 342.

5. Where the dedication, express or implied, is made for a specific purpose, the public authorities have no power to use the property for any other purpose than the one designated in the dedication. Property dedicated to a particular purpose can not by the dedicatee, a municipality, be diverted from that purpose, except under the right of eminent do-

main. *Smith* v. *Rome*, 19 *Ga.* 89 (65 Am. D. 298). Property dedicated to a public use may by the dedicatee be put to all customary uses within the definition of the use, but any use which is inconsistent, or which substantially and materially interferes with the use of the property for the particular purpose to which it was dedicated, will constitute a misuser or diversion; and while such misuser or diversion will not work a reversion of the property freed from the easement to the owner of the dominant fee, equity will, on a petition of proper parties, enjoin such misuser or diversion. In such case there can be a diversion only by the exercise of the right of eminent domain. *Brown* v. *East Point*, 148 *Ga.* 85 (95 S. E. 962); *Long* v. *Faulkner*, 151 *Ga.* 837 (108 S. E. 370); *Hanbury* v. *Woodward Lumber Co.*, 98 *Ga.* 54 (26 S. E. 477).

6. Acceptance by a municipality of an easement over land which the owner desired to dedicate to the public for use as a street may be shown by proof that the municipal authorities exercised acts of control over the street. But when a large area of land has been laid off into lots and streets by the owner, there can be no implied acceptance of any street over which the corporation authorities have never assumed control. And if the municipality assumed control over a portion only of a street thus laid out, it will not be deemed to have accepted an easement over another portion of the street, as to which there has been no exercise of corporate authority.

7. To justify a company which uses poles and wires in the transmission of electric currents in setting up its poles in the land of a highway, it must show that it has acquired the right to do so, either by consent or condemnation from the owner of the soil. The designation by the municipality of the street where the poles may be set up is not enough. Broome *v.* New York &c. Tel. Co., 42 N. J. Eq. 141 (7 Atl. 851).

8. The court erred in rendering the judgment entered in this case.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*

No. 8568.   August 16, 1932.

*Erle M. Donalson,* for plaintiff.

*A. B. Conger* and *Wilcox, Connell & Wilcox,* for defendant.