HARRIS *v.* POWELL *et al.*

No. 9247.  MAY 9, 1933.

18

*J. A. Darsey,* for plaintiff.

*Beck, Goodrich & Beck* and *Maddox & Futral,* for defendants.

HILL, J. (After stating the foregoing facts.) Dedication of land is either express or implied. From the allegations of the petition, which must be taken as true on demurrer, there can be no doubt that the 40-foot strip of land was expressly dedicated by deeds for *public use* to the City of Griffin, 20 feet by W. H. Moor, and 20 feet by the City of Griffin. This being true, was there an abandonment of Thurmond Street by the City of Griffin? The defendant insists that there was an express abandonment of the street on the part of the City of Griffin when the city executed the deed to the land to J. E. Powell, which included the strip described. It is also insisted that there was an abandonment of the street on the part of the City of Griffin by nonuser, and that the street was never opened up and worked by the city authorities of Griffin. The peti-

tion alleges that at the time of filing this suit it was still being used by the plaintiff himself, and also by the public, as a way of ingress to and egress from his other property. In *Gaston* v. *Gainesville &c. Railway Co.,* 120 *Ga.* 516 (2) (48 S. E. 188), it was held that "The evidence to establish a forfeiture of an easement by abandonment or nonuser must be decisive and unequivocal." Also: "Abandonment is a mixed question of law and fact." In the opinion it was said that "An easement created by deed is not forfeited by mere nonuser or abandonment, when the nonuser or abandonment has not continued for a term sufficient to raise the presumption of release or abandonment." Civil Code (1910), § 3644. In *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144), it was held: "Where the owner of land in a city had it surveyed and laid off into lots, caused a plat of the same to be made which referred to a designated strip of land shown on the plat as an avenue, this strip belonging to the owner of the lots and being so situated as to afford an outlet from the lots into a public street of the city; and where, after distributing copies of this plat, the owner sold the lots at public auction, representing that they were sold by the plat, and in the deed to the purchaser mentioned this plat as descriptive of the property, the purchaser at the sale and his successors in title acquired the right to use this strip as a way to and from the lots, and the seller had no right to subsequently close the strip, or to maintain an obstruction in it existing at the time of the sale. The easement thus acquired by the purchaser and those holding under him would not be lost by mere lapse of time or nonuser, unless expressly abandoned."

It is alleged that the property or street in controversy was surveyed and platted by Moor, one of the dedicators, and the plat was recorded at the time the dedication of the 20-foot strip was granted by Moor, and also that the 20-foot strip dedicated by the City of Griffin was in writing and that that deed was also recorded, and the 40-foot strip of land thus dedicated constituted Thurmond Street. The petition alleges that this was on September 19, 1911, and the dedication was accepted by the governing authorities of the City of Griffin in regular session. In the *Ford* case, supra, it was said: "Properly speaking, there can be no dedication to private uses, but only to the public use. However, if the owner of land lays out streets and alleys and afterwards sells lots bounding upon them, while this does not constitute them public streets, unless the public

shall in some way accept and adopt them as such, yet the purchasers of those lots acquire the right to have the strips designated as streets remain open for their use as a perpetual easement over the ground for ingress to and egress from their property. Wash. Easements and Serv. (4th ed.) 203, 204. The mere fact that the purchasers did not immediately begin to exercise their right to use the strip as a way, or that they delayed doing so for a number of years, would not occasion a loss of the easement." The question therefore presents itself of whether the municipality of Griffin can abandon a street or easement therein which has been dedicated for that purpose, to the exclusion of the rights of a purchaser of abutting property, who bought with notice of this easement, and to the injury of the public who use it, or desire to use such street.

In *Bayard* v. *Hargrove,* 45 *Ga.* 342, it was held that when the owner of a tract of land lays it off for a town, publishes a map of the lots, streets, and lanes, and sells out the lots on the street to others, and the town is established as designated on the map, the owner of the land will be presumed to have dedicated the streets and lanes to the public; and if one of them be diverted from the purposes designated, as if under a sale by the city authorities, a house be builded on land that is part of the street, this does not authorize the original owner to sue in ejectment for the land so built upon. The title to the land is in the public, for the uses designated, so long as the town exists. If the street be abandoned by the public, prima facie, the reversion would be in the owner of the abutting lots unless the owner had in express terms reserved the right to himself in his deed conveying the lots, or in his act of dedication. In delivering the opinion Judge McCay said: "If the ground in controversy in ejectment had been dedicated for a particular purpose, and the city authorities had appropriated it to another and entirely different purpose, this might afford ground for a court of chancery to compel the specific execution of the trust by restraining the corporation or by causing the removal of the obstructions. . . All that the owner of the soil sought by the dedication has been accomplished. It was not his purpose to favor the public. His purpose was to benefit himself, and that benefit he has fully secured. . . The public authorities hold it for the uses proper for a street." In *Brown* v. *East Point,* 148 *Ga.* 85 (2) (95 S. E. 962), it was held: "Where the dedication, express or implied, is made for a specific purpose, the

public authorities have no power to use the property for any purpose other than the one designated. Barclay *v*. Howell, 6 Pet. 498 (8 L. ed. 477) ; 13 Cyc. 498. Property dedicated to a particular purpose can not by the dedicatee, a municipality, be diverted from that purpose except under the right of eminent domain. United States *v*. Illinois Central Railroad Co., 26 Fed. Cas. 461, 2 Biss. 174. Property dedicated to a public use may by the dedicatee be put to all customary uses within the definition of the use. Any use which is inconsistent, or which substantially and materially interferes with the use of the property for the particular purpose to which it was dedicated, will constitute a misuser or diversion; and . . equity will, on the petition of proper parties, enjoin such misuser or diversion." In 28 Cyc. 841, it is said: "Generally the vacation is properly effected by statute or ordinance, although a resolution has been held a sufficient exercise of the legislative power. But a street or alley is not vacated merely because of an ordinance declaring it vacated, since the abutting owners have property rights therein which can not be taken from them by the mere passage of such an ordinance." The demurrer in the instant case was apparently sustained on the theory that there had been an abandonment of Thurmond Street by the city executing its deed to the Thurmond property, the description being broad enough to include the 20 feet dedicated by the city.

The petition alleged that on September 19, 1911, W. H. Moor dedicated 20 feet off of his property, and that the City of Griffin dedicated 20 feet off of the Thurmond property at the same time, thus making the proposed Thurmond Street 40 feet wide; that the city accepted Moor's dedication on the same date, which contained a dedication of 20 feet also by the City of Griffin in regular session of its council, and later by recording the deed together with the plat showing the streets and alleys including Thurmond Street 40 feet wide. Later, on December 12, 1917 the City of Griffin attempted by deed to convey the said 40 feet dedicated to the City of Griffin for Thurmond Street to J. E. Powell, but the city had accepted the dedication of this land for street purposes, in which the public had an interest in its use as such street; and the City of Griffin could convey no greater title than it had acquired, even if it had power to convey anything. It could not convey the interest of the public in the use of the strip as a street; and therefore, when the City of

Griffin executed its deed to this strip, it can not be held to be an express abandonment of that street for the purposes for which it was dedicated; and Powell, the grantee in the deed from the City of Griffin, could not divert this property from the use to which it was dedicated, that is, that it was to be used for street purposes.

Under the allegations of the petition and under application of the principles ruled in the foregoing authorities, the court erred in sustaining the demurrer and dismissing the petition. See *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349).

The present case is barred neither by laches nor the statute of limitations. *Judgment reversed. All the Justices concur.*

BECK, P. J., concurs in the result.