JONES *et al. v.* CITY OF DECATUR *et al.*

ATKINSON, Presiding Justice. 1. By an amendment to the charter of the City of Decatur it was provided: "That the commissioners of the City of Decatur shall have full power and authority in their discretion, and they are hereby given such authority, to close up and abolish any street, road, or alley, or any part of a street, road, or alley in said city; provided, however, said city shall be liable for damages to any property right of any person occasioned by the exercise of the powers therein granted." Ga. L. 1931, p. 736. In pursuance of the amendment to the charter the city commissioners adopted an ordinance declaring "that the said Drexel Avenue crossing from the south side of Howard Avenue, as extended, to the north side of West College Avenue be and the same is hereby closed up and abolished as to all vehicular traffic."

*Held,* that the ordinance was authorized by the charter amendment. The ordinance in question differs from that involved in *Coker* v. *Atlanta, Knoxville & Northern Railway Co.,* 123 *Ga.* 483 (51 S. E. 481), which was held to be unauthorized by the charter.

2. Neither the charter amendment nor the ordinance is violative of the due-process of law clauses in the State and Federal constitutions. *Lee County* v. *Smithville,* 154 *Ga.* 550, 556 (115 S. E. 107), and cit. See *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399, 403 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83), and cit.

3. The fact that the ordinance closing the crossing to vehicular traffic may have been induced in part upon consideration of the furnishing by the railroad company of certain dirt to improve Howard Avenue and certain right of way may have been furnished by an individual for widening that street, and that the closing of the crossing will operate to some inconvenience of the plaintiffs and general public, and depress the market value of their properties, is not (in the absence of fraud or insolvency of the city) cause for injunction to prevent closing of the crossing. *Marietta Chair Co.* v. *Henderson,* supra; Pacific States Box &c. Co. *v.* White, 296 U. S. 176, 185 (56 Sup. Ct. 159, 80 L. ed. 138); *Wells* v. *Atlanta,* 43 *Ga.* 67; *Mathews* v. *Darby,* 165 *Ga.* 509 (141 S. E. 304); Murphy *v.* Chicago &c. Ry. Co., 247 Ill. 614 (93 N. E. 381).

4. Under the pleadings and the evidence the judge did not err in refusing an injunction. *Judgment affirmed. All the Justices concur.*

No. 13037. MARCH 13, 1940.

*Young H. Fraser* and *T. E. Whitaker,* for plaintiffs.
*B. H. Burgess* and *Neely, Marshall & Greene,* for defendants.