VANDIVIERE, Solicitor-General, *v.* ANDERSON.

HEAD, Justice. By amendment to the charter of the Town of Mineral Bluff, approved December 12, 1901 (Ga. L. 1901, p. 550), it is provided in sec. 5: "Be it further enacted, that the mayor and councilmen of the Town of Mineral Bluff are hereby authorized and empowered to lay out and establish streets whenever it becomes necessary for the best interest and welfare of said town, or any of its citizens, and to change, alter, transfer and convey, straighten, or improve streets, or any part or parts thereof, whenever it becomes necessary, or to the best interest of said town, or any of its citizens." The plaintiff did not attack the above provision of the charter of the Town of Mineral Bluff as being unconstitutional, nor are any facts alleged to show that the closing of that part of the street described is contrary to the "best interest of said town." The resolution adopted by the mayor and council, and the deed executed pursuant thereto, were authorized by the charter amendment, and the trial court did not err in sustaining that ground of demurrer based on the charter amendment cited. See *Kirtland* v. *Macon,* 66 *Ga.* 388; *Dannenberg* v. *Macon,* 114 *Ga.* 174 (39 S. E. 880); *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312, 104 Am. St. R. 156, 2 Ann. Cas. 83); *Patton* v. *Rome,* 124 *Ga.* 525 (52 S. E. 742); *Jones* v. *Decatur,* 189 *Ga.* 732 (7 S. E. 2d, 730).

*Judgment affirmed. All the Justices concur.*

No. 15745.   APRIL 17, 1947.

143

*Wood & Tallant,* for plaintiff.   *William Butt,* for defendant.