SOUTHERN RAILWAY COMPANY *v.* WAGES *et al.*

JENKINS, Chief Justice. The State Highway Board acquired from Jackson County as a State-aid road a certain highway, which the county had maintained as a part of its public-road system under an easement for more than twenty years, but had never acquired title to the rights of way. Subsequently, the State Highway Board undertook to relocate an approximately 3000-foot section of said road which ran through the community of Center, which section was bisected by a grade crossing across the Southern Railroad. Jackson County agreed, as contemplated by law, to pay the cost of any rights of way necessary and to indemnify the State against damages arising from said relocation. In a condemnation proceeding by the Highway Board against the railroad company for the purpose of procuring a new grade crossing, to which proceeding Jackson County was not a party, the board proposed to "permanently close and abandon" the old grade crossing, and the judgment of the

court so ordered. The instant proceeding was brought by the Southern Railway Company to enjoin the county commissioners from maintaining said old road segment as a part of its public-road system; the contention of the railroad being that the Highway Board was authorized to close said road, and also that the county is estopped by the judgment in the condemnation proceeding from reopening said road. The exception is to the order denying an injunction. *Held:*

1. "Ownership of the soil and the right to an easement are independent. The grantee of an easement is not the owner or occupant of the estate over which the right extends, but the right to the fee and the right to an easement in the same realty are independent of each other, and may well coexist even when vested in different persons." *Donalson* v. *Georgia Power & Light Co.,* 175 *Ga.* 462 (1) (165 S. E. 440).

2. "If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." Code, § 85-410. Such a title or easement, once vested in the public, is not lost by neglect of the governing or controlling officials, but may be lost only by a legal abandonment under the statutes and general law, not by such officials alone, but also by the public which has used and may continue to use the land. *Calfee* v. *Jones,* 54 *Ga. App.* 481, 483 (188 S. E. 307).

3. Owners of property which abuts a public road have the right to the use and enjoyment of such road in common with all other members of the public, as well as other rights such as ingress and egress which do not belong to the public generally. *Barham* v. *Grant,* 185 *Ga.* 601, 604 (196 S. E. 43).

4. Under the provisions of the Code, Chapter 95-17, the State Highway Board is unquestionably vested with power and authority to designate, establish, maintain, change, and relocate State-aid roads.

(a) The power and authority thus conferred upon the State Highway Board by the above-cited provisions of the Code to change or relocate State-aid roads, and thus to abandon portions of said roads, does not specifically or by necessary implication include the power to foreclose the rights of counties or of the general public to established easements over abandoned portions of such roads.

(b) Nothing has been held to the contrary by any ruling made by this court in the case of *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107). The authority to close public highways is not conferred by statute upon the State Highway Board, except as to railroad grade crossings under a specific proceeding had for that purpose.

5. Under the facts of the instant case, it appears that Jackson County had operated and maintained the highway here involved for a period of some twenty years prior to the time when it was designated a State-aid road without having acquired conveyances to the land. It follows that the county had only such rights in the road as were acquired by dedication or easement. Accordingly, when the Highway Board acquired jurisdiction of the county road, it thereby became vested with no greater rights with respect to such highway than the county itself then and there had,

and when in the exercise of its power so to do, it relocated a portion of said road, the effect of this action was to abandon only such rights in the road as the State may have acquired from the county. *Stewart County* v. *Holloway,* 69 *Ga. App.* 344, 347 (25 S. E. 2d, 315).

6. Since the relocation of the State-aid road in the instant case was not carried out under authority of or in accordance with the provisions of the Grade Crossing Elimination Law (Chapter 95-19 of the Code), the provision of that chapter which authorizes the elimination of grade crossings by relocation of public roads at the instance of either the county or the State has no application to this case.

7. Under the foregoing rulings, the State Highway Board 'had no authority to enter into an agreement with a railroad to close permanently to the use of the general public a railroad grade crossing which bisected an approximately 3000-foot length of abandoned road.

8. When the State Highway Board in relocating a State-aid road abandons a portion of its roadbed to which it did not have title, but which it had taken over from a county which in turn had no title, but only an easement, the county authorities, if they so desire, may take over the abandoned right of way by virtue of the former dedication to it for such public use. If, however, the county likewise should fail or refuse to take over such right of way, any rights of the public to its use as a roadway would be determined by statute and general law relating to dedication and easement. *Calfee* v. *Jones,* 54 *Ga. App.* 481 (supra).

9. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code, § 89-903.

(a) Neither can it be said that the county is estopped from asserting any rights to the continued use of said railroad crossing, by reason of the fact that the performance of the agreement between the Highway Board and the railroad to close permanently said crossing was decreed by the superior court of that county in a condemnation proceeding brought by the Highway Board to acquire the right of way for a new crossing for the relocated road, since the county was not a party to that proceeding. This is true even though the county was bound by law to pay for such right of way for the relocated road, and even though it had agreed so to do and did in fact pay such cost.

(b) The county not having been made a party to the condemnation proceedings instituted by the State Highway Board, it is unnecessary to determine what the effect of the judgment on the county would have been if in fact it had been made a party to that proceeding. But since the Highway Board was not authorized to close the abandoned segment as a county road, or as against the rights of the public under the law of easements, and since relocation of a road does not amount to the discontinuance or closing of the part left out of the new State-highway system, so far as the county or the public is concerned, and since the county has not forfeited its right to the old segment, but on the contrary is seeking to hold and maintain it as a part of its own public road system—no intimation is here made that the county would have been bound by such a judgment, even if made a party in that condemnation proceeding, where the highway board was in nowise concerned as to

505

the use or disuse by the county or the public of the segment of the old road now in question.

9. Under the foregoing rulings, the trial court properly refused to grant an order restraining the county commissioners of roads and revenues from going upon the property of the plaintiff railroad for the purpose of reopening the grade crossing here involved; and after hearing oral testimony of local citizens to the effect that the road in question had been used by the public and maintained by the county for more than twenty years prior to its designation as a State-aid road, the trial court properly entered judgment in favor of the county.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16120. MARCH 17, 1948. REHEARING DENIED MARCH 31, 1948.

*H. W. Davis* and *Wheeler, Robinson & Thurmond,* for plaintiff.

*George W. Westmoreland,* for defendant.