HARBUCK *v.* RICHLAND BOX COMPANY *et al.*

No. 16231. SEPTEMBER 7, 1948. REHEARING DENIED OCTOBER 13, 1948.

354

*G. Y. Harrell, R. S. Wimberly,* and *T. J. Molnar,* for plaintiff.
*Dykes & Dykes,* for defendants.

HEAD, Justice. ■ The amended motion for new trial assigns error on the admission in evidence over timely objections of the resolution or ordinance of the City of Richland abandoning 20 feet of Alston Street to the use of the defendant, and to certain charges of the court with reference to the legal effect of the ordinance. Error is also assigned on the failure of the court to give certain written requests to charge with reference to the ordinance.

It is clear from the demurrer interposed to the defendant's answer and from the grounds of the amended motion for new trial that the controlling question in this case is whether or not

the ordinance is ultra vires, as contended by the petitioner. If the ordinance is void as contended, its admission in evidence, and the charge of the court relating thereto, would be such error as to require the grant of a new trial.

The Code, § 69-304, provides: "Without express legislative authority, a municipality may not grant to any person the right to erect or maintain a structure or obstruction in a public street." In keeping with the above statute, the first question before us for determination is whether the City of Richland has express legislative authority to grant to the defendant the right to place and maintain an obstruction in a public street. The charter of the City of Richland (Ga. L. 1922, p. 925) provides in § 34 the following: "That the mayor and council shall have authority and power to grant encroachments upon the streets, sidewalks, lanes, alleys and lands of the city upon such terms and in such manner as may be prescribed by ordinance and shall be exercised with caution and due regard to be had to rights of the city and to all property owners to be affected thereby."

It is conceded that, if the mayor and council had legislative authority to enact the ordinance complained of, it must be found in the above-quoted provision of the city charter. Counsel for the defendant contend that, since the city has express legislative authority to "grant encroachments upon the streets," the mayor and council were well within their rights in permitting the defendant to operate its business on some 20 feet of the public street.

While the quoted provision of the city charter does authorize the city to grant "encroachments upon the streets," it will not be assumed that the legislature intended to authorize the city to grant an encroachment amounting to a public nuisance. There is no express statutory authority for the city to abandon its public streets so as to permit a private party such use of the streets as will result in a public nuisance, damaging "all persons who come within the sphere of its operation, though it may vary in its effects on individuals." See Code, § 72-102.

At common law an encroachment by one upon public property was known as a purpresture, but every encroachment or purpresture upon public property is not necessarily a nuisance per se. The right of the public to the free and unobstructed use of a street or public way is subject to reasonable and necessary lim-

itations. The right to temporarily obstruct the street springs from the necessities of the case, and such right is necessarily limited by the necessity existing. Those who exercise the right must do so in such manner as will create the least possible inconvenience to others, and ' the impediment must be removed within a reasonable time. See *Simon* v. *Atlanta*, 67 *Ga.* 618, 622, 623 (44 Am. R. 739).

Under the allegations of the petition in this case, the entire 20 feet west of the railroad tracks has been continuously blocked by the defendants, and this part of the street continuously withheld from the public use by the defendant in such manner and over such period of time as to show more than just a temporary emergency. The allegations of the petition, reasonably construed (and those of the answer) show a permanent obstruction and blocking of the strip lying west of the railroad tracks, 20 feet in width.

In *Rider* v. *Porter*, 147 *Ga.* 760 (95 S. E. 284), it was held that any permanent structure in a road which materially interferes with travel is a nuisance per se, and that any obstruction permanent in nature or continuously maintained, which interferes with the free use of the road by the public, is a public nuisance, and it is immaterial that space may be left on either side of the obstruction for the passage of the public. The public have the right to the unobstructed use of the whole road as it was acquired by the county or city.

In *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399, 407 (49 S. E. 312, 104 Am. St. 156, 2 Ann. Cas. 83), it was held that neither the General Assembly, nor a subordinate public corporation acting under its authority, can vacate a public street for the benefit of a private person or corporation. In *City Council of Augusta* v. *Reynolds*, 122 *Ga.* 754 (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. 147), it was said that any permanent structure in a street which materially interferes with travel thereon is a public nuisance, and that the public is entitled to the whole of every street against one who places obstructions therein. See also *Robins* v. *McGhee*, 127 *Ga.* 431 (4) (56 S. E. 461); *Barham* v. *Grant*, 185 *Ga.* 601, 605 (7) (196 S. E. 43).

The ordinance of the City of Richland (relied upon by the defendants) was an attempt to vacate 20 feet of a public street

for the benefit of a private corporation. The ordinance purports to ratify the acts of the defendants in appropriating to private use the 20-foot strip of a public street. The taking of a public street for private use is prohibited by law. The wrongful placing of obstructions in a public street can not be ratified by a city. The demurrer to the answer, challenging so much thereof as related to the defense based upon the ordinance of the City of Richland, should have been sustained. The ordinance should have been excluded from evidence, since it was unauthorized in law and was an ultra vires act. The charge of the court as to the effect of the ordinance was harmful and prejudicial to the plaintiff in error, and a new trial must be granted.

■ Headnote two does not require any elaboration.·

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*