### HARBUCK v. RICHLAND BOX COMPANY et al.

HAWKINS, Justice. When this case was here before, this court held that the ordinance of the City of Richland, then relied upon by the defendant, was ultra vires and void, in that it sought to authorize and ratify the maintenance by the defendant of a permanent obstruction in a public street amounting to a public nuisance. *Harbuck v. Richland Box Co.,* 204 *Ga.* 352 (49 S. E. 2d, 883). Since the rendition of that decision, the City of Richland has adopted another ordinance providing: "1. That all that part of Alston Street lying west of the Seaboard Air Line Railroad Company's track (the railroad track lying within Alston Street) and north of the north line of the Buena Vista Road and extending north from the northwest intersection between Alston Street and the Buena Vista Road a distance of 691 feet, be and the same is hereby abolished as a street. 2. This described part of Alston Street is not nor has it ever been used as a public thoroughfare in the City of Richland, Georgia, and there would be a great expense attendant upon opening and maintaining this part of Alston Street as a street of Richland, Georgia, or any attempt to open and maintain it as a street, because of the railroad tracks, railroad switches, Georgia Power Company lines, fireplug and other difficulties in the terrain. It would therefore be impossible to open and maintain this described section as a public street, and it is therefore in the public interest that the same be abolished." The present petition alleges that this ordinance was enacted under the purported authority of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 1010), and that this act has no application to the City of Richland, and is unconstitutional, null and void, for various reasons set out in the petition. *Held*:

1. The legislature of this State may delegate to a municipal corporation the power to abolish, vacate, or close a street in a municipality; and when a street is abolished or closed by a municipality by virtue of such delegated power, the interest of the public therein ceases, and the owners of the fee, who are presumptively the abutting landowners, become entitled to use the property without regard to the former servitude imposed upon it. *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312).

2. Irrespective of the act approved March 8, 1945 (Ga. L. 1945, p. 1010), the Town of Richland, under its original charter (Ga. L. 1889, pp. 849, 851), section 14, was given specific authority "to lay out, open and abolish streets and alleys of said town, extend and change the same, as the public interest may require"; and under its charter as amended by Ga. L. 1902, pp. 555, 565, section 24, was given specific power and authority "to lay off, vacate, open, close, alter, curb, pave and keep in good order and repair, public parks, roads, streets, alleys, sidewalks, cross-walks, drains and gutters"; and by its charter as amended by Ga. L. 1922, p. 925, it is provided in section 1 thereof: "That the inhabitants of the territory hereinafter designated be, and they are hereby constituted and continued a body politic and corporated under the name and style of the City of Richland . . and shall succeed to all the rights and liabilities of the present corporation of the City of Rich-

land." This charter further provides in section 1-a that "All the rights, titles, properties, easements, hereditaments, and all and everything now belonging to or any ways appertaining to the present corporation of the Town of Richland, shall succeed to and hereby vest in the City of Richland created by this act." While section 34 of the charter of 1922, dealt with by this court in its former decision, does not specifically confer legislative authority upon the City of Richland to "abolish" or "close" public streets, the above-quoted provisions of the new charter of the City of Richland are sufficient to continue and keep in force, and to confer upon the city this specific legislative authority granted in the previous charters to the Town of Richland. *Wright* v. *Overstreet,* 122 *Ga.* 633 (2) (50 S. E. 487); *Palmer* v. *State,* 195 *Ga.* 661, 670 (3) (25 S. E. 2d, 295). Under the authority thus conferred, the City of Richland was authorized to abolish and close that portion of Alston Street within such municipality which is here in controversy. *Wood* v. *Shore,* 160 *Ga.* 173 (127 S. E. 145); *Jones* v. *City of Decatur,* 189 *Ga.* 732 (7 S. E. 2d, 730); *Vandiviere* v. *Anderson,* 202 *Ga.* 142 (42 S. E. 2d, 449).

3. While this court properly held that, under the state of the record when the case was here before, the ordinance of the City of Richland seeking to authorize and ratify the erection and maintenance by the defendant of a permanent obstruction amounting to a public nuisance, in a public street which had not then been closed or abolished, was ultra vires and void—since the passage of the ordinance now before the court subsequently to that decision has abolished the public street, the defendant may now stand upon the rights acquired under the latter ordinance, notwithstanding the prior judgment. A new right has been acquired, which was not and could not have been involved in the controversy resulting in the former judgment. *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 399, 409 (supra).

4. The trial court did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 17308. JANUARY 10, 1951. REHEARING DENIED FEBRUARY 15, 1951.

*G. Y. Harrell* and *R. S. Wimberly,* for plaintiff.
*T. T. Molnar* and *Dykes, Dykes & Marshall,* for defendants.