33860. MAYOR &c. OF ATHENS *et al.* v. GAMMA DELTA CHAPTER HOUSE CORPORATION.

54

Decided April 17, 1952—Rehearing denied May 1, 1952.

*James Barrow*, for plaintiffs in error.
*Erwin, Nix, Birchmore & Epting*, contra.

CARLISLE, J. (After stating the foregoing facts.)   At common law, a municipal corporation was not liable for damages to property resulting from a change of grade of a street or highway unless the work was negligently or unskillfully done, as this was not such a "taking" of property as was compensable.   Under article I, section III, paragraph I of the Constitution of Georgia (Code, Ann., § 2-301), private property shall not be taken *or damaged* for public purposes without just and adequate compensation being first paid; and a right of ingress to or egress from property may constitute an easement, the impairment of which

will render the actor liable for damaging the property although there has been no taking of the property itself. *Hurt* v. *City of Atlanta,* 100 *Ga.* 274, 277 (28 S. E. 65).

A valid dedication of land for public purposes such as streets and highways must consist of two elements—an intention to dedicate on the part of the grantor, and an acceptance on the part of the public or someone authorized for it. *Georgia R. & Bkg. Co.* v. *City of Atlanta,* 118 *Ga.* 486 (45 S. E. 256); *City of Savannah* v. *Bartow Inv. Co.,* 137 *Ga.* 198 (72 S. E. 1095); *Seaboard Air Line Ry. Co.* v. *Greenfield,* 160 *Ga.* 407 (128 S. E. 430). It does not appear from the evidence in this case that the driveway in question between the plaintiff's and the defendant's property was accepted either expressly or by implication as a public road until the work of excavating and grading a street was commenced in 1950 by the Board of Education with the aid and approval of city authorities. The city had never taken any formal action in regard to it, and had not worked it or contributed to its upkeep. Similarly, there is a total lack of evidence that members of the public generally used the driveway. Its use between 1920 and 1938, if any, is not shown; between 1938 and 1950 there is no evidence that it was used by others than members of the sorority and their invitees. The original owner, Dearing, covenanted in his deed to the predecessor in title of the defendant Board of Education to open a street not less than 32 feet in width, and the right of the defendant to open such a street was expressly reserved in the deed by which it purchased the property. This right, however, was not exercised for the twelve year period during which the plaintiff used and maintained a street or driveway over most of this area which provided it with its only means of ingress to the property. The recital in these deeds is not, in and of itself, enough to constitute a valid dedication. In *Ford* v. *Harris,* 95 *Ga.* 97, 100 (22 S. E. 144), where the grantor laid off streets on a plat and sold property with reference thereto, the court held, in reference to this action, as follows: "There was probably no dedication, in the technical sense of that word, of the strip in question [designated as Grove Avenue in the plat] to the public as a street; but undoubtedly the purchasers of the lots acquired an easement in the use of the strip as a way to and from their property. Properly speak-

ing, there can be no dedication to private uses, but only to the public use. However, if the owner of land lays out streets and alleys and afterwards sells lots bounding upon them, while this does not constitute them public streets, unless the public shall in some way accept and adopt them as such, yet the purchasers of those lots acquire the right to have the strips designated as streets remain open for their use as a perpetual easement over the ground for ingress to and egress from their property." See also *Parsons* v. *Trustees of Atlanta University*, 44 *Ga.* 529. The plaintiff here was using the strip in question in conformity with the purpose of the original grantor, i.e., as a street or roadway. It was not, therefore, asserting any right in the soil inconsistent with the public easement, as was the case in *Brown* v. *City of East Point*, 148 *Ga.* 85 (95 S. E. 962). In *Atlanta & West Point R. Co.* v. *City of Atlanta*, 156 *Ga.* 251 (119 S. E. 712), also cited by the plaintiffs in error, there was an entirely different situation arising from an express contract binding the railroad to construct a bridge over its right of way at such future time as the City of Atlanta should desire to extend a named street over said railroad. This contract comprised an intention to dedicate on the part of the railroad (predecessor in title to the defendant), and imposed a duty upon it to perform certain acts upon the happening of a future contingency—that is, upon the extension of the street in question by either the City of Atlanta or Fulton County, which contract was made the judgment of a court of record and was binding upon the railroad *at the time of the happening of the contingency.* Here, on the contrary, there was, at the most, a mere expression of intention to dedicate the strip in question on the part of the grantor, Dearing, with no acceptance by anyone, and while the plaintiff might, on the one hand, have had such notice and been in such privity of title as to be precluded from using the strip, or its half thereof, for any purpose other than a roadway, it on the other hand had a perfect right to use the land for any consistent purpose, and having chosen to use it as a roadway for a period of twelve years it acquired, both under the provisions of the deeds in question and by virtue of such use, a vested right which cannot be damaged or taken from such owner without due compensation. *State Highway. Board* v. *Baxter*, 167 *Ga.* 124, 134 (144 S. E. 796). Under the undisputed

evidence in this case, the defendants, in exercising their right to develop the street in question, destroyed a way of ingress to and egress from the plaintiff's property, which the latter had exercised in connection with the street or roadway as it had existed for a period of over twelve years prior to that time, which destruction resulted in an impairment of the market value of the plaintiff's property of at least the amount of the verdict. It follows, therefore, that the verdict was authorized by the evidence in this case, and the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*