'DUNLAP *et al. v.* TIFT *et al.*

No. 17829. Argued April 14, 1952—Decided May 13, 1952— Rehearing denied June 11, 1952.

*Ed. S. Sell* and *Martin, Snow & Grant,* for plaintiffs in error. *Jones, Jones & Sparks* and *Jones, Sparks, Benton & Cork,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The amendment to the charter of the City of Macon (Ga. L. 1927, pp. 1283, 1324, section 72) provides: "The mayor and council shall have full power and authority to regulate, widen, change, lay out, close, vacate, direct and control the streets and alleys of the city," etc.

Counsel for the plaintiffs in error insist that under this charter power the municipality may abandon any street whenever in its discretion such action seems to be in the public interest, and that the trial court is without power to inquire into the reasons therefor.

It is a well-established rule of law that the courts will not interfere with the free exercise of such rights as are left to the discretion of a corporate authority, unless such authority should go beyond the scope of powers delegated, or unless the discretion given should be abused by an arbitrary exercise thereof, and by a plain and unwarranted violation of private rights. *Burckhardt* v. *City of Atlanta*, 103 *Ga.* 302, 309 (30 S. E. 32); *Story* v. *City of Macon*, 205 *Ga.* 590, 593 (54 S. E. 2d, 396).

If the vacating of the property in dispute was simply a matter of discretion with the mayor and council, it would be improper for the courts to interfere with their determination. See *Vandiviere* v. *Anderson*, 202 *Ga.* 142 (42 S. E. 2d, 449); *Harbuck* v. *Richland Box Co.*, 207 *Ga.* 537 (63 S. E. 2d, 333). However, the petitioners in the above cases did not attack the provisions of the charters as being unconstitutional, nor were any facts alleged to show that the closing of portions of the streets was contrary to the "best interest" of the towns. The property now under review was conveyed to the city as a dedication to prescribed use "as permanent additions to alleys," and the public generally was the recipient of the right of use thereunder. "If there is a dedication by an original proprietor in favor of a city, and the authorities of the city have appropriated it to a different purpose, equity may compel the specific execution of the trust, by restraining the corporation, or by removing the obstructions." *Mayor &c. of Macon* v. *Franklin*, 12 *Ga.* 239, 253. "Property dedicated to a particular purpose can not by the dedicatee, a municipality, be diverted from that purpose except under the right of eminent domain." *Brown* v. *City of East Point*, 148 *Ga.* 85 (2) (95 S. E. 962); *Donalson* v. *Georgia Power & Light Co.*, 175 *Ga.* 462 (5) (165 S. E. 440). "Where land is dedicated to, and accepted by, a city for street purposes, such dedication inures to the benefit of the public and abutting property owners who bought abutting property by reference to plats showing such streets; and such dedication can not be abandoned by the dedicatee by mere nonuser." *Harris* v. *Powell*, 177 *Ga.* 15 (169 S. E. 355); *Southern Railway Co.* v. *Wages*, 203 *Ga.* 502 (2) (47 S. E. 2d, 501).

The present case is not one where the property was to be put to some other or different public use such as for the erection of

a needed public improvement. Mere cash consideration flowing to the municipality is not sufficient to warrant the diversion from a public to a private use. 64 C. J. S. 40, § 1668.

"Neither the General Assembly nor a subordinate public corporation acting under its authority can lawfully vacate a public street or highway for the benefit of a private individual. The street or highway can not be vacated unless it is for the benefit of the public that such action should be taken. The benefit may be either in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public, or by laying out a new street or road in its place which will be more useful and convenient to the public in general. If the public interest is not the motive which prompts the vacation of the street, whether partial or entire, the act of vacation is an abuse of power, and especially would it be a gross abuse of power if it is authorized without reference to the rights of the public and merely that the convenience of a private individual might be subserved." *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399, 407 (49 S. E. 312).

While a court will not ordinarily inquire into the motives or reasons of municipal authorities in declaring that streets have been vacated, nevertheless, where as here it is alleged that the action taken was against public interest and solely for the benefit of a private individual, such allegations are not subject to demurrer on the ground that the court was in such circumstances without authority to enjoin the city from closing the street.

Neither was the petition as amended subject to demurrer on the ground that the petitioners did not come into equity with clean hands.

Nor was the petition as amended, which alleged that the petitioners had no knowledge of the action to vacate until a few days prior to the filing of the petition, subject to demurrer on the ground it appeared that the defendants had completed the paving adjacent to the property of the petitioners prior to the filing of the application for injunction.

It follows that the petition as amended, which alleged that the vacating of designated portions of public alleys was authorized by the city without reference to the rights of the public and

merely for the convenience of a private individual, was sufficient to set forth a cause of action, and the trial court did not err in overruling the defendants' grounds of demurrer.

■ While the ordinance recites that the strips of land had never been used as a part of the alleys, and that it was no longer in the public interest to maintain them as a part thereof, yet it was further recited that the strips were being used for parking automobiles and trucks, which is one of the purposes for which streets and alleys may be used. See *City of Albany* v. *Lippitt*, 191 *Ga.* 756, 762 (13 S. E. 2d, 807).

The evidence on the interlocutory hearing shows use of the property dedicated for a period beginning in 1906, and continuing up until the filing of the petition in 1951, by members of the general public, for purposes consistent with the purpose of the dedication; also that the entire width of the alleys, including the strips in question, was needed to take care of the automobile traffic, and that the action of the city was taken without consulting any of the abutting property owners other than the defendant R. C. Dunlap. The courts can not ignore such positive and uncontradicted evidence. The finding and ordaining by the council did not serve to obliterate the true state of facts. The use of the area in question by the public for parking purposes, and by vehicles traversing such area as a matter of law constituted such a use as to negative abandonment by the public and render ineffectual any municipal declaration that the area had been abandoned as an alley.

Accordingly, the trial court did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., and Hawkins, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. The charter plainly empowers the city to abandon streets and alleys. This record unmistakably shows that the city did so abandon the alley here involved by resolution of its governing body. There is no indication that thereafter the city did anything with reference thereto to improve, keep open, or otherwise retain the abandoned alley. Therefore, the city was clearly within its lawful rights, and the petition, showing such facts, should have been dismissed on demurrer. For the same reason the interlocutory judgment

is erroneous. *Harbuck* v. *Richland Box Co.*, 207 *Ga.* 537, supra. I am authorized to say that Mr. Justice Hawkins concurs in this dissent.