212 Ga. 757 (1956)
95 S.E.2d 685
FRANKLIN
v.
BOARD OF LIGHTS & WATER WORKS.
19525.
Supreme Court of Georgia.
Argued November 13, 1956.
Decided December 5, 1956.
H. C. Schroeder, for plaintiff in error.
Claud M. Hicks, J. Douglas Henderson, H. S. Willingham, contra.
DUCKWORTH, Chief Justice.
1. Property dedicated to a public use may be the dedicatee be put to all customary uses within the definition of the use. Brown v. City of East Point, 148 Ga. 85 (3) (95 S. E. 962); Donalson v. Georgia Power & Light Co., 175 Ga. 462 (6) (165 S. E. 440). And streets may be used for many purposes other than that of travel, such as the construction of sewers and drains, the laying of gas and water lines, the erection of telephone and telegraph wires, and a variety of other improvements such as the installation of sidewalks, the growing of grass, flowers, and trees for the purpose of beautification and ornamentation, beneath, upon, and above the surface, to which in modern times *758 they have been subjected and which are commonly called "urban servitudes." Sec 25 Am. Jur. 462, § 167; 385, § 72; City of Albany v. Lippitt, 191 Ga. 756, 763 (13 S. E. 2d 807).
2. Progress will not deny the transfer of the benefits of unbanization to every nook and corner of our rural community, and the mere fact that a use of a county road is involved rather than an urban street in a municipality will make no difference, since the rights of the public in the streets and roads broaden with the growth of the community.
3. Where, as in this case, the petitioner alleges that he is the owner of the fee of a county public road in Cobb County, Georgia, encumbered with the rights of the general public to use it for travel, and that a municipal corporation is laying a water line down said road without payment of just compensation to him, but fails to allege whether or not the installation is without the consent of the alleged dedicatee, the governing authority of Cobb County which has the power, under the Act of 1953 (Ga. L. 1953, Nov-Dec. Sess., p. 2164), to prohibit or grant said use, and which may very well have approved this use for the transfer of an urban servitude to the rural community  he fails to allege a cause of action for equitable relief, and the court did not err in sustaining the general demurrer and dismissing the petition.
4. The case differs on its facts from that of Donalson v. Georgia Power & Light Co., 175 Ga. 462 (supra), involving property not actually used as a street, and Brown v. City of East Point, 148 Ga. 85 (supra), involving property dedicated for the use of a sidewalk only, both of which are insisted on strongly by the plaintiff in error as being directly in point.
Judgment affirmed. All the Justices concur.